## COFFMAN v. COFFMAN.
### No. 2594.

Court of Civil Appeals of Texas.
Beaumont.

April 26, 1934.

W. R. Blain, of Beaumont, for appellant.

Howth, Adams & Hart, of Beaumont, for appellee.

O'QUINN, Justice.

Appellee sued appellant for divorce. The divorce was granted, and defendant has appealed.

Appellee has filed motion to dismiss the appeal, or in the alternative to affirm the judgment. The only ground set forth for dismissing the appeal is that appellant had not filed her brief at such time as to give appellee twenty-one days prior to the date of submission in which to file his reply brief. The motion is based upon article 1848, R. S. 1925, as amended by Acts 1931, c. 64, § 1 (Vernon's Ann. Civ. St. art. 1848), which provides that cases shall be set for submission eight weeks ahead of the date of submission, and that the appellant shall have thirty days from the date of notice of setting for submission in which to file his brief, and that the appellee's brief shall be filed at least five days before the date set for submission. The case was set to be submitted on April 19, 1934. The motion to dismiss was filed April 7, 1934. At that date appellant's brief had not been filed. It was filed April 10, 1934. No brief for appellee has been filed, nor any motion to strike appellant's brief. The mere fact that appellant's brief was not filed at such time as to give appellee twenty-one days in which to file his brief five days before submission does not afford ground for dismissing the appeal.

In the absence of a motion to strike appellant's brief because not filed at such time as to allow appellee reasonable time in which to file reply brief, we would be authorized to consider the brief, but examination of the record discloses fundamental error for which the judgment must be reversed.

The allegations of plaintiff's petition were not sufficient to confer jurisdiction upon the court. The allegations are: "The plaintiff is a resident citizen and inhabitant of the State of Texas and of the County of Jefferson and has actually and continuously resided in the State of Texas as such citizen for more than one year prior to the filing of this suit and has actually and continuously resided in Jefferson County, as such citizen for more than six months prior to the filing of this suit."

The statutory requirement (article 4631) is: "No suit for divorce shall be maintained in the courts of this State unless the petitioner for such divorce shall at the time of exhibiting his or her petition, be an actual bona fide inhabitant of this State for a period of twelve months, and shall have resided in the county where the suit is filed for six months next preceding the filing of same."

Actual bona fide inhabitation of this state for twelve months by plaintiff is essential to jurisdiction in a divorce suit, and such must be alleged and proven to support the judgment. Likewise actual residence in the county where the suit is filed for six months next preceding the filing of the suit must be alleged. The authorities are unanimous in holding that these provisions of the statute are mandatory, and must be alleged and proven. Franzetti v. Franzetti (Tex. Civ. App.) 45 S.W.(2d) 760; Strunc v. Strunc (Tex. Civ. App.) 28 S.W.(2d) 211; Gladney v. Gladney

(Tex. Civ. App.) 24 S.W.(2d) 96; Jones v. Jones (Tex. Civ. App.) 21 S.W.(2d) 559; Lawler v. Lawler (Tex. Civ. App.) 15 S.W.(2d) 684. The petition alleges neither that plaintiff was an actual bona fide inhabitant of this state for a period of twelve months before filing the suit, nor that plaintiff resided in Jefferson county for six months next preceding the filing of the suit. As shown by the statute, and the authorities cited, these allegations were necessary to confer jurisdiction upon the court to try the case.

The judgment is reversed, and the cause remanded.