**In re SCOTT.**

Motion No. 13891; No. 7377.

Supreme Court of Texas.

March 1, 1939.

Cantey, Hanger, McMahon, McKnight & Johnson, of Fort Worth, for relator.

Thompson, Knight, Baker, Harris & Wright, of Dallas, and Robt. Harrison, Marvin B. Simpson, and Harris Brewster, all of Fort Worth, for respondent.

PER CURIAM. '

The circumstances antedating the matter involved in this motion are fully detailed in the opinion of this Court in causes Nos: 7377 and 7456 and motion No. 13625, Ex parte Scott, Scott v. Scott, and Scott v. Bond et al., Tex.Sup., 123 S.W.2d 306. We here refer to those opinions.

Mrs. Jessica Scott, wife of Winfield Scott, Jr., filed suit for divorce in the District Court of Dallas County. We hereafter refer to 'Winfield Scott, Jr., as relator. Pending the divorce suit, the district court entered an order requiring relator to pay alimony to Mrs. Scott. Relator failed to pay such alimony, and the district court entered an order adjudging him in contempt, fined him $100, and committed him to jail for three days, and until he should purge himself of contempt by paying the sum of money past due under such alimony order. Relator was committed to jail under such contempt order. This Court granted relator a writ of habeas corpus, and ordered him released on giving bond in the sum of $5,000. The bond was given, with relator as principal and Hartford Accident and Indemnity Company as surety, and relator released.

On final hearing of the habeas corpus action in this Court, it was held that the original alimony order entered by the district court was valid, but that the contempt order was void. The final judgment of this Court was that relator be enlarged, but without prejudice to the power of the district court to enforce its alimony order by proper proceedings. It was ordered that should the district court again attempt to enforce the alimony order, relator should have the right to make any lawful defense thereto. The effect of our judgment in the habeas corpus proceeding was to adjudge the contempt proceedings against relator void, and to discharge him from all restraint thereunder. The original order discharging relator did not, in so many words, discharge his surety.

We now have before us a motion by the above-named surety praying that this Court enter an order discharging it as surety. Mrs. Scott has filed contest. In the contest it is asserted that relator has never paid any part of the alimony ordered by the district court, and has absented himself so that it has been impossible for her to get service on him for further contempt proceedings. It seems to be asserted that under such conditions Mrs. Scott has a cause of action against relator's surety.

We are of the opinion that Mrs. Scott cannot obtain a right against a surety on an appearance bond given by relator in a habeas corpus proceeding successfully prosecuted by him to secure his release from illegal imprisonment, unlawfully instigated and brought about by her. Besides, such bond has served its purpose. It was primarily an appearance bond. When relator was adjudged illegally restrained, and ordered released, such judgment or order operated, in law, to also discharge the surety, and that just as effectively as though such discharge had

been expressly provided in the judgment. It would therefore be idle for this Court to enter the order here prayed for. The surety has already been discharged.

It is ordered that this motion be, and the same is hereby, in all things overruled.