# Ex Parte C. Daniel Tyler.

No. A-4220. Decided October 7, 1953.
Rehearing overruled November 25, 1953.
(261 S. W. 2d Series 833)

*Bourne and Lovell,* and *James R. Lovell,* all of Dumas, for relator.

*Lee Minner,* County Attorney, Vega, for respondent.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This is an original application for a writ of habeas corpus filed in this Court by Relator Tyler. Relator claims that a contempt judgment whereby he is restrained of his liberty is void, because it was issued ancillary to a suit for divorce against re-

lator by his wife, Estelle Tyler, by virtue of a petition where the wife alleges:

"That she is now, and has been for a period of twelve months prior to the filing of this petition, an actual bona fide inhabitant of the State of Texas, and has resided in said County of Sherman for a period of six months."

Relator contends that since the petition does not allege "that plaintiff had resided in the County of Sherman for a period of six months *next* immediately preceding the filing of such petition, * * * said petition is insufficient in law" to sustain the granting of the support order; for the violation of which order relator was adjudged in contempt of court and imprisoned in jail. Relator contends that the District Court acquired no jurisdiction over the divorce cause and its contempt order is wholly and absolutely void.

Plaintiff in the divorce suit, Estelle Tyler, filed her original petition with the District Clerk of Sherman County, Texas, April 3, 1953. In this petition she sought a divorce from relator, a division of community property, and asked for support and maintenance of their eighteen months old child by relator, both during pendency of suit, and thereafter until the child should reach the age of sixteen years. After due notice to relator and after a hearing the District Judge of Sherman County on April 20, 1953, ordered that relator pay into court by April 23, 1953, certain sums of money for the benefit of plaintiff, Estelle Tyler, and their child, Roger Brent Tyler. Relator failed to make these payments, and at a hearing held on May 7, 1953, after proper affidavit had been filed by Estelle Tyler, setting up relator's default, and asking he be adjudged in contempt, and after due notice of such hearing the District Judge held relator in contempt of the court's order of April 20, 1953, and ordered him confined in the county jail until he should purge himself of contempt and make the payments. Relator never appeared at any of the hearings, although he had due notice of all of them. On May 21, 1953, relator filed what he called his exceptions and answer to plaintiff's original petition in the divorce action, wherein, among other defenses, he filed a plea in abatement to the petition and asked it be dismissed because the petition did not contain the necessary averments of residence in Sherman County, Texas, as required by Art. 4631, V.A.C.S. The trial court heard the exceptions and plea in abatement, and evidence thereon, and by an order entered June 8, 1953, overruled all of them, to which action the defendant, relator herein, excepted

and gave notice of appeal. At this time the trial judge filed a finding of fact that on April 3, 1953, when plaintiff, Estelle Tyler, filed her original petition for divorce she had not resided in Sherman County, Texas for a period of six months next immediately preceding the filing of such petition. June 8, 1953 relator filed in this court his motion for leave to file application for writ of habeas corpus, which application was granted, and his application was filed in this court June 9, 1953.

■  This is a collateral attack by relator upon the judgment of contempt entered by the District Court April 20, 1953. Ex parte Hodges, 130 Texas 280, 109 S.W. 2d 964; 21 Tex. Jur. 424, Habeas Corpus § 7; 25 Tex. Jur. 767, Judgments §§ 286 and 289; Ex parte Scott, 133 Texas 1, 123 S.W. 2d 306, 126 S.W. 2d 626.

■  In order for this contempt judgment to be subject to collateral attack it must be absolutely void, and not merely voidable. 25 Tex. Jur. 687-8, Judgments, § 252. Ex parte Hodges, supra; Ex parte Scott, supra.

In order for the contempt judgment to be a void judgment it must have been entered by a court without jurisdiction of the parties and of the subject matter. On the other hand, if the court had jurisdiction of the parties and the subject matter, the judgment is not void, even though it may be an erroneous judgment. Clayton v. Hurt, 88 Texas 595, 32 S.W. 876; Martin v. Sheppard, 145 Texas 639, 201 S.W. 2d 810; Heard v. State, 146 Texas 139, 204 S.W. 2d 344; 25 Tex. Jur. p. 698 et seq., Judgments, §§ 257-258.

This court has declared the law to be that the requirement as to residence of a plaintiff in a divorce action as set forth in Art. 4631, V.A.C.S., are not jurisdictional, but merely prescribe the qualifications which a plaintiff must possess before plaintiff is entitled to procure a divorce. Aucutt v. Aucutt, 122 Texas 518, 62 S.W. 2d 77, 89 A.L.R. 1198.

In the case of Mitchell v. Mitchell, Tex. Civ. App., 199 S.W. 2d 699, no writ history, a divorce had been granted Jewell Mitchell dissolving her marriage with Ervin Mitchell, and defendant Ervin had been directed to pay $40 per month for care and support of an infant daughter whose custody was given to Jewell, the mother. Thereafter, Ervin failed to make the payments and he was cited to show cause why he should not be held in contempt for failure to comply with the divorce decree. He answered that the divorce judgment and order for support were

void, because plaintiff was not an inhabitant of the state, or resident of the county of suit as required by Art. 4631 at the time she filed her suit, and at the time she procured the judgment of divorce and child support. Upon a hearing the trial court set aside the divorce judgment and refused to adjudge Ervin guilty of contempt. In reversing the case and directing the trial court to proceed with a hearing on the order to show cause, the Amarillo Court said: "(1,2) The provisions of Art. 4631 of Vernon's Texas Civil Statutes with reference to the residence of the plaintiff in a divorce suit are not jurisdictional. Ex parte Scott, 133 Texas 1, 123 S.W. 2d 306, 313; 126 S.W. 2d 626; Aucutt v. Aucutt, 122 Texas 518, 62 S.W. 2d 77, 79, 89 A.L.R. 1198. A divorce judgment based upon false or perjured testimony as to plaintiff's residence is not void, the fact of residence having been passed upon by the court in decreeing the divorce. Moor v. Moor (Tex. Civ. App.), 63 S.W. 347, 349, writ of error refused. It follows that the judgment of divorce entered in this case was, at most, voidable, the District Court having had jurisdiction of the parties and of the subject matter." The case of Yeater v. Yeater, Tex. Civ. App., 243 S. W. 2d 389, no writ history, was a direct appeal from the action of the District Court in granting a divorce and incidental relief to the defendant wife on her cross action. Neither the plaintiff in his petition nor the wife in her cross action made the allegation or proof as to residence as required by Art. 4631. In affirming the part of the judgment awarding the wife attorney's fees, and reversing the divorce, and support judgment, with instructions to the trial court to dismiss the cause unless the parties made the necessary inhabitancy and residence qualifications, the Court at El Paso says:

"The failure of either party to allege or prove the qualifications as to inhabitancy or residence prescribed by Art. 4631, V. A. C. S., was not jurisdictional. Aucutt v. Aucutt, 122 Tex. 518, 62 S. W. 2d 77, 89 A. L. R. 1198; Ex parte Scott, 133 Tex. 1, 123 S. W. 306, loc. cit. 313, 315-318; Buffaloe v. Buffaloe, Tex. Civ. App., 210 S. W. 2d 429, wr. dis.; Mitchell v. Mitchell, Tex. Civ. App., 199 S. W. 2d 699. The court had jurisdiction of the parties and of the subject matter. No question of jurisdiction is here involved. This is not a collateral attack on the judgment, but a direct appeal therefrom."

See also Therwhanger v. Therwhanger, Tex. Civ. App., 175 S. W. 2d 704 (1,2), no writ history; Buffaloe v. Buffaloe, Tex. Civ App., 210 S. W. 2d 429, writ dismissed, W. O. J.; Myers v.

Myers, Tex. Civ. App., 210 S. W. 2d 832, no writ history; Wheelis v. Wheelis, Tex. Civ. App., 226 S. W. 2d 224, no writ history.

Relator relies upon the cases of Pappas v. Pappas, Tex. Civ. App., 146 S. W. 2d 1115, no writ history; Coffman v. Coffman, Tex. Civ. App., 71 S. W. 2d 331, no writ history; Forse v. Forse, Tex. Civ. App., 220 S. W. 2d 342, no writ history. We have carefully read each of these cases and find that each is a case of an appeal, where the direct attack (and not a collateral attack as is this case) has been made on the ruling of the District Court in regard to the application of Art. 4631. All of such cases were correctly decided upon the facts surrounding each case. Relator also relies upon an excerpt from our opinion in Ex Parte Birmingham, 150 Texas 595, 244 S. W. 2d 977. The statement made in the course of that opinion indicating the view that a contempt order in a case like the present would be void, was erroneous, although the holding in that case was correct. The suit was one of habeas corpus for child custody between divorced parents, and what we held was that the contempt order against the father for his refusal to bring the children into court from a foreign state in response to the writ was void, the judge having refused to hear evidence on behalf of the father to the effect that the children were neither domiciled nor physically present in this state at or after the institution of the custody suit. The basic question of jurisdiction over the subject of the suit thus did not involve Art. 4631, supra, and the decision is accordingly not authority for the position of relator here. In our present case, the court had, and has, jurisdiction of the parties and of the subject matter and in entering its order it, at most, made only an error of law which the relator cannot raise in this habeas corpus proceeding.

The relator is remanded to the custody of the Sheriff of Sherman County, Texas, to carry out the orders of the District Court of that County.

Opinion delivered October 7, 1953.

Rehearing overruled November 25, 1953.