**Castullo MARTINEZ, Appellant,**

v.

**Beatriz T. MARTINEZ, Appellee.**

**No. 3585.**

Court of Civil Appeals of Texas.

Eastland.

Feb. 10, 1961.

E. T. Yates, Brownsville, for appellant.

Emilio Crixell, Brownsville, for appellee.

GRISSOM, Chief Justice.

In October, 1958, Beatriz Martinez sued Castullo Martinez for a divorce in the 138th District Court of Cameron County. She was granted a divorce in June, 1959. On March 1, 1960, Castullo Martinez sued Beatriz for divorce in the 107th District Court of Cameron County, collaterally attacking the divorce granted his wife on the ground that the allegations of her petition were insufficient to invoke the jurisdiction of the court to grant a divorce. Beatriz Martinez filed a motion for summary judgment which was, in effect, a plea in abatement. It was sustained and judgment was rendered for defendant. Castullo Martinez has appealed.

The substance of appellant's points is that the court erred in sustaining the plea in abatement because her petition was insufficient to invoke the jurisdiction of the court for the reason that she did not allege that at the time of filing her petition she was an actual bona fide inhabitant of the state and that she had been for the "last past twelve months immediately next

preceding" its filing. Appellant says that Article 4631 requires that a petition for divorce contain allegations that plaintiff is an actual bona fide inhabitant of the state at the time of filing the petition and has been for the last twelve months immediately next preceding its filing. Appellant contends that such allegations are jurisdictional and essential to invoke the jurisdiction of the court to grant a divorce. Beatriz Martinez's petition contained allegations that she resided in Cameron County and that "she has been a bona fide inhabitant of the state of Texas, for more than one year before the filing of this petition, that she has resided in Cameron County, Texas, more than six months next preceding the filing of this suit * * *." Article 4631 provides that:

"No suit for divorce shall be maintained in the Courts of this State unless the petitioner for such divorce shall at the time of exhibiting his or her petition, be an actual bona fide inhabitant of this State for a period of twelve (12) months, and shall have resided in the county where the suit is filed for six (6) months next preceding the filing of same. * * *"

The statute does not by its terms require that a petition for divorce contain the allegations, the omission of which appellant complains. Our Supreme Court has held that failure of a plaintiff in a divorce case to allege the qualifications relative to inhabitancy and residence prescribed by Article 4631 is not jurisdictional; that, despite such failure, if other requirements are complied with, a court has jurisdiction of the parties and the subject matter, the judgment is not void and that, therefore, it is not subject to collateral attack. Aucutt v. Aucutt, Tex.Com.App., 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198; Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, 313, 126 S.W. 2d 626; McCullough v. McCullough, Tex. Com.App., 120 Tex. 209, 36 S.W.2d 459, 462; Yeater v. Yeater, Tex.Civ.App., 243 S.W.2d 389.

In Ex parte Tyler, 152 Tex. 602, 261 S.W.2d 833, our Supreme Court in an opinion by Judge Griffin held that when a plaintiff's petition did not contain allegations that she had resided in the county where the suit was filed for six months "next immediately preceding the filing of such petition" the judgment granting a divorce was not void and, therefore, not subject to collateral attack, even though, in addition, she had not in fact resided in the county of suit for six months next preceding the filing of suit.

The judgment granting Beatriz Martinez a divorce is not void. It is not subject to collateral attack. Appellant's points are overruled. The judgment is affirmed.