**Ex parte Charles WILLIAMS.**

**No. 7262.**

Court of Civil Appeals of Texas, Beaumont.

June 10, 1971.

Zbranek & Friend, Liberty, for relator.

Gordon R. Pate, Beaumont, for respondent.

KEITH, Justice.

Relator was adjudged guilty of contempt for the violation of an order of the District Court of Liberty County ordering him to make monthly payments for temporary alimony and child support pending the trial of an action for divorce. Our jurisdiction is invoked by the writ of habeas corpus under the provisions of Art. 1824a, Vernon's Ann.Civ.St. The parties are in agreement that for this contempt judgment to be subject to collateral attack, it must be absolutely void and not merely voidable. Ex parte Tyler, 152 Tex. 602, 261 S.W.2d 833, 834 (1953); Ex parte Rhodes, 163 Tex. 31, 352 S.W.2d 249, 250 (1962). We do not, in this original proceeding, review the exercise of discretion by the trial judge nor the sufficiency of the evidence to support his action in the premises. Ex parte LaRocca, 154 Tex. 618, 282 S.W.2d 700, 703 (1955). As was said in Ex parte Fisher, 146 Tex. 328, 206 S.W.2d 1000, 1003 (1947), "We may consider the facts only for the purpose of determining whether they constituted acts sufficient to confer jurisdiction upon the court to make the particular order."

On January 4, 1971 the trial court amended a prior order so as to require Relator to pay $700 per month for alimony pendente lite and child support, the first payment being due on January 15, 1971. This order was entered during the course of a divorce proceeding between Relator and his wife then pending between parties upon the docket of the District Court of Liberty County. At the appointed time, Relator paid $500 and was cited to show cause why he should not be held in contempt for not paying the full amount as ordered by the court. At the hearing where Relator was represented by counsel, he testified that he paid all that he had available and was unable to borrow any money with which to pay the remainder then due under the order of the court mentioned. He went into detail as to the decline in his business fortunes, his lumber business was in the doldrums, his trucks were not operating for lack of repairs, and he was striving valiantly to preserve the community property of the parties.

At the conclusion of the hearing, in an order dated February 19, 1971, the trial court found the defendant guilty of contempt and assessed his punishment at a fine of $100 and imprisonment in the county jail for a period of forty-eight hours. The order continued:

"It is further ORDERED that the said Defendant, Charles Williams, shall remain in jail until he has purged himself of contempt by paying the full amount of temporary alimony pendente lite and child support in arrears, said amount now being TWO HUNDRED DOLLARS ($200.00) due January 15, 1971 and TWO HUNDRED DOLLARS ($200.00) due February 15, 1971, being an aggregate of FOUR HUNDRED DOLLARS ($400.-00); * * *"

Relator's application for the writ was filed in this court on March 25, 1971, and in his verified application, he alleged that "At all times since the date of the entry of the aforementioned Judgment [February 19, 1971], Petitioner has been under said Commitment Order and is currently held by said Sheriff, and/or deputy thereof in the County Jail of Liberty County, Texas, * * *"

Relator does not contend that he has paid the fine or that he has made the payments due under the court's order holding him in contempt; and, Respondent, on the other hand, does not directly traverse Relator's allegations concerning his imprisonment.

■ Relator relies principally upon Ex parte Gonzales, 414 S.W.2d 656 (Tex.Sup. 1967), as excusing his disobedience of the court's order. And, since he was the only witness who testified upon the subject, he contends that his inability to pay was established conclusively under the rationale of Ex parte Rohleder, 424 S.W.2d 891, 892 (Tex.Sup.1967).

Giving full recognition to the rules enunciated in both *Gonzales* and *Rohleder*, we disagree with Relator. In the first place, Relator has not shown that he is completely without means of discharging the monetary aspects of the contempt order. Our record shows beyond dispute that he had on deposit, in the form of certificates of deposit, $27,500 in two banks in the county. He was under a temporary injunction issued by the trial court in the divorce proceedings which forbade his withdrawing any of such funds during the pendency of the suit. But, on the other hand, it is clear that Relator made no formal request of the trial court for the entry of an order modifying the temporary injunction so that he could obtain funds from either of the two banks with which to comply with the court's order.

The possibility of relaxing the restraining order so as to permit Relator to procure the additional sums ($200 per month) to comply with the support order was discussed in the record of the proceedings. Unfortunately, counsel for the parties disagreed as to the allocation of such withdrawals in the final settlement of the com-

munity property of the parties, i. e., whether such sums so withdrawn would be charged as an advance to the Relator or to the wife. The trial court was not, under the circumstances, in position to rule upon the legal effect of such withdrawals as affecting the final division of the community estate since such matter was not then before the court.

The careful trial judge did, however, indicate to the parties that he would have entertained such a motion with favor, had it been presented, his remarks being quoted in the margin.* Relator made no such motion nor any unequivocal request for permission to withdraw such funds. At the conclusion of the hearing, the judgment of contempt was entered as indicated earlier in this opinion.

Chief Justice Hickman, in Ex parte De Wees, 146 Tex. 564, 210 S.W.2d 145, 147 (1948), laid down the rule that impossibility of compliance will discharge the contemner of further coercive restraint, saying:

"Where it is not within the power of a person to perform the act which alone will purge him of contempt, the court is without power to imprison him for an indefinite term as punishment for an offense already committed."

█ In order for Relator to qualify for relief under *Gonzales* and *Rohleder*, Relator labored under the burden of showing that it was impossible for him to pay the sums of money required to be paid under the order. Ex parte Padfield, 154 Tex. 253, 276 S.W.2d 247, 251 (1955). Further, "The testimony must be clear and positive, and there must be no circumstances in evidence tending to discredit or impeach the testimony—upon which Relator relies." Ex parte Ramzy, 424 S.W.2d 220, 226 (Tex.Sup.1968). As was said by Justice Norvell, concurring in *Ramzy*, supra:

"* * * Whether a person can or cannot perform as ordered by a court becomes a question of law in those instances only when from an examination of the evidence, reasonable minds cannot differ as to the conclusion, either that he can or cannot perform as ordered." (424 S.W.2d at p. 227).

It follows, from what we have said, that the judgment of contempt is not void and Relator has not shown that he is entitled to be released from custody for the violation of the court's order.

█ However, this does not dispose of the entire case as presented by the record. Relator contends that the portion of the order which held him in contempt for the failure to make the payment due *February 15,* 1971 is void. He premises his argument upon the fact that he was called upon to defend his failure to make the payment due on *January 15,* and that the verified motion upon which the notice to show cause was based, not mentioning the February deficit, did not invoke the jurisdiction of the trial court to consider the February default. Reliance is had upon Ex parte Freeman, 144 Tex. 392, 191 S.W.2d 6, 7 (1945). Placing form above substance, we reluctantly agree with the contention so advanced. Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, 311 (1939); Ex parte Freeman, supra.

The judgment, *in its entirety,* however, is not void. We hold that the judgment of contempt is not void as to the failure to make the January 15 payment and that the excuse offered by Relator is legally insufficient under the authorities herein cited. When Relator shall have discharged the sentence of the court by paying the fine assessed, serving the forty-eight hours of imprisonment, by paying the $200

---

* "THE COURT: It strikes me that had application been made to the Court, if Mr. Williams was in such a financial condition that he could not get the $700, that the Court would certainly have permitted him to withdraw enough to have paid this $700 for that purpose and that purpose alone; and then insofar as the final accounting between them as to their respective interests, then in the community or separate estate of either one of them, why, that would have to be taken care of later on."

due January 15, 1971, and all costs of court—as provided in the court's order of commitment—he shall be entitled to be released from custody. Cf. Ramzy, supra (424 S.W.2d at p. 226).

Since the court's jurisdiction to punish Relator for the violation of the order with reference to his failure to make the payment due on February 15, 1971 was not lawfully invoked under *Freeman,* supra, the portion of the order remanding him to custody until such payment has been made is void and is hereby set aside. This action is without prejudice, however, to the power of the court to entertain further motions seeking to punish Relator for his violation of the order requiring alimony pendente lite occurring subsequent to January 15, 1971, and to enter such judgment thereon as may be right and proper under the law and the facts.

The writ is discharged and Relator is remanded to the custody of the Sheriff of Liberty County under the order of commitment issued by the District Court as herein modified. All costs are adjudged against Relator.