**Ex parte Pat S. HOLLOWAY, Petitioner.**

**No. 18104.**

Court of Civil Appeals of Texas, Dallas.

Jan. 16, 1973.

Pat S. Holloway, Dallas, for appellant.

Cecil Woodgate, Andress & Woodgate, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

On December 13, 1972 the Domestic Relations Court No. 3 of Dallas County, Texas adjudged Pat S. Holloway to be in contempt of court for the violation of an order of said court rendered and entered on the 3rd day of October, 1972 which ordered Holloway to pay the sum of $8,512.-50, representing delinquent child support payments, and for failure to pay medical expenses for the minor children involved in the sum of $480, making a total of $8,992.50. The court, in its commitment order dated December 13, 1972, ordered Holloway confined in the common jail of Dallas County, Texas for a period of 72 hours, and thereafter further confined until he had fully purged himself of such contempt for the payment of the sum of $8,992.50.

On December 19, 1972 Holloway, as petitioner, filed this original proceeding in this court in which he asked us to grant a writ of habeas corpus and to order him discharged from confinement. Our jurisdiction to hear this matter is expressly granted by art. 1824a, Vernon's Ann.Civ.Stat. of Texas.

Our Supreme Court in Ex parte Fisher, 146 Tex. 328, 206 S.W.2d 1000 (1948), laid down well defined rules which we must follow in resolving the question of whether or not petitioner Holloway is legally restrained of his liberty by virtue of the order of the Domestic Relations Court referred to above. The court said that in a habeas corpus proceeding the court had only limited powers and that the inquiry is whether or not a citizen is restrained of his liberty without due process of law. "In determining this matter we are restricted to the question of jurisdiction, the lack of which would render the judgment void. In passing on the court's authority we look to the jurisdiction of the subject matter involved in the alleged contempt, jurisdiction of the

person, and the power of the court to render the particular judgment. * * * We may consider the facts only for the purpose of determining whether they constituted acts sufficient to confer jurisdiction upon the court to make the particular order."

In Ex parte Tyler, 152 Tex. 602, 261 S. W.2d 833 (1953) the Supreme Court pointed out that such an action amounts to a collateral attack upon the judgment of contempt and in order for such judgment to be subject to such attack it must be absolutely void, and not merely voidable. Ex parte Hodges, 130 Tex. 280, 109 S.W.2d 964 (1937); Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, 126 S.W.2d 626 (1939).

In Ex parte La Rocca, 154 Tex. 618, 282 S.W.2d 700 (1955), Chief Justice Hickman, speaking for the Supreme Court, said that in deciding the validity of the decree the courts have no authority to evaluate facts and that the mere fact that a judgment may be erroneous does not render it void. "It can be declared void by this court if, and only if, the testimony constituted no evidence at all. In our opinion the least that can be said concerning the testimony above pointed out is that it constituted some evidence of the guilt of relators. We need go no further than that."

These rules have been consistently followed by the Supreme Court and our courts of civil appeals since the enactment of art. 1824a, V.A.C.S., in 1969. Ex parte Williams, 469 S.W.2d 449 (Tex.Civ.App., Beaumont 1971) and Ex parte Rhodes, 163 Tex. 31, 352 S.W.2d 249 (1962).

With these rules in mind we have examined the record before us to determine the question of the validity of the trial court's order of commitment. The original decree of divorce between Pat S. Holloway and his former wife, Linda, was entered on June 6, 1969 by Domestic Relations Court No. 3 of Dallas County, Texas. After awarding Linda a divorce against Pat Holloway the decree recites that the parties have heretofore entered into a property settlement agreement dated May 28, 1969 and "the court, after having considered said Property Settlement Agreement, finds that same should be approved and made a part of the judgment of this court * * *." The judgment then provides that such compromise and settlement agreement "be and is hereby incorporated into this Judgment of Divorce and made a part hereof as if copied in full herein, and said Property Settlement Agreement is in all things hereby adopted in full and for all purposes made an order of this court."

The decree then orders Pat Holloway to pay the sum of $362.50 on the first of each month beginning June 1, 1969 for each of two minor children. The judgment is completely silent concerning any order directing Holloway to pay medical expenses incurred for the minor children. The compromise and settlement agreement, referred to by the court in its order, is not attached to the order now before us.

On November 9, 1971 Linda filed an application for contempt order in the domestic relations court in which she alleged that Pat Holloway was in arrears and had failed to pay monthly child support payments in the total sum of $4,000. No reference is made in this application concerning failure of Pat Holloway to pay any medical expenses.

On August 22, 1972, following a hearing on February 7, 1972, the trial court entered a judgment decreeing that Pat Holloway was guilty of contempt in failing to pay child support in the sum of $2,900 but ordering that his confinement be suspended until September 1, 1972.

On September 12, 1972 the court entered its commitment order in which it was recited that Pat Holloway had not paid the sum of $2,900 for child support, as previously ordered, and the said Holloway was ordered confined to jail until he complied with the order of the court. On September 28, 1972 Linda filed an application for contempt order in which she alleged that "Re-

spondent, Pat S. Holloway, is still in arrears between the period of November 2, 1971 and September 18, 1972, and any subsequent period thereafter wherein there is a delinquency of child support payments." No reference is made in this application concerning demand for or failure on the part of respondent to pay medical bills.

On October 3, 1972 the court adjudged Holloway to be in contempt and to be in arrears in the amount of $8,512.50, representing delinquent child support payments "to date" and "to be further in contempt of this Court for failure to pay medical expenses for the minor children involved for a period of sixteen (16) months or $480.00 * * *." The court ordered Holloway confined in the county jail for a period of seventy-two hours, and thereafter confined until he had fully purged himself of such contempt by full observance and obedience of the decree of the court referred to above by the payment of $8,512.50 plus $480, or a total of $8,992.50 "for the support of the minor children of the parties herein." This judgment was suspended until November 15, 1972 on condition that Holloway pay the sum of $8,992.50.

The present commitment order, dated December 13, 1972, after making reference to the judgment of October 3, 1972, proceeds to make the findings and orders heretofore enumerated.

■ We have carefully examined the transcript as well as the statement of facts of the testimony heard by the trial court on both February 8, 1972 and October 18, 1972 in an effort to determine if there is any evidence to support the trial court's decree of commitment. It is undisputed that on September 1, 1972 Holloway delivered to the child support division of Dallas County a check in the sum of $2,900 in satisfaction of the decree of the court dated August 22, 1972. This payment made Holloway current in his child support payments of $725 per month to November 1971. Holloway concedes that he has made no child support payments for the period of time from December 1, 1971 to the date of the hearing on October 18, 1972. It is therefore undisputed that Holloway was delinquent in the sum of $725 per month for a period of eleven months which would total the sum of $7,975. Accordingly, we find no evidence to support the trial court's order committing Holloway to jail until he has paid the sum of $8,512.50.

Neither do we find any evidence in the record to support the trial court's decree ordering Holloway to jail until he has paid the sum of $480 as medical expenses for the minor children over a period of sixteen months. In the first place the former Mrs. Holloway in her petition to hold Holloway guilty of contempt, does not plead any facts concerning failure on the part of Holloway to pay medical expenses. In addition thereto the judgment of divorce itself does not specifically provide for an obligation on the part of Holloway to pay medical expenses. As a part of the property settlement agreement entered into between the parties, and which was referred to and made a part of the original divorce decree, we do find the following excerpt therefrom which was admitted into evidence without objection at the first hearing on the contempt action:

"Defendant agrees to pay all reasonable medical and dental expenses (exclusive of drugs and prescriptions) incurred for any of the children of the parties until such child attains the age of twenty-one years, to the extent that such expenses are not paid out of one or more of the children's trusts hereinafter referred to, provided that Defendant's prior authorization for such expenses is obtained for all routine and non-emergency treatments other than any serious illness to the extent that such medical and dental bills for routine, non-emergency, minor illnesses exceeds $30.00 per month. * * *"

■ We have carefully examined each of the statement of facts and find no evidence that Holloway gave "prior authoriza-

tion" for any routine or non-emergency treatments to the children involved nor do we find any evidence to support the trial court's finding that Holloway was obligated to pay the sum of $30 per month for sixteen months, or a total of $480, for medical expenses. Neither the judgment of divorce nor the property settlement agreement made a part thereof obligates the petitioner to pay the exact sum of $30 per month as medical expenses. Such elements of expense must be proved by competent evidence. We find none in this record. In this state of the record we find that the order of commitment directing imprisonment of Holloway until he has paid any sum in excess of $7,975 is void.

Petitioner Holloway advances the contention that he is entitled to be credited with the sum of $21,447.88 against his obligation to pay child support payments under the decree of the court, which includes payments for private tuition, clothing, and other specific items such as travel expenses, automobile repairs, books and supplies, etc. He argues that the trial court's failure to allow him such credits renders the order of commitment void. In support of his contention that he be allowed an offset against the child support payments Holloway relies upon the case of Gould v. Awapara, 365 S.W.2d 671 (Tex. Civ.App., Houston 1963). We do not agree with petitioner's contention. The case of Gould v. Awapara, supra, involves an action filed in Texas based upon a judgment rendered in the State of California, pursuant to California law, involving both alimony and child support. The petition sought a money judgment in favor of the wife for sums allegedly not paid by the husband under the terms of the California decree. Obviously, this decision has no bearing upon the case under consideration. We are not here concerned with the question of failure to pay alimony or a contractual obligation to pay the wife a definite sum of money for a definite period of time. The obligation on the part of the father to make periodic support payments is based entirely upon power conferred by statute and does not constitute a debt. Such order may be enforced only by contempt proceedings. Hutchings v. Bates, 406 S.W.2d 419 (Tex.Sup.1966). Article 4639, Tex.Rev. Civ.Stat.Ann., granting courts the right to provide for child support payments, does not abrogate the common law duty on the part of either parent to support the minor children. We construe such voluntary payments as were shown to have been made by petitioner in this case to have been the performance of his common law duty to support his children. He is not entitled to offset these amounts against those sums ordered to be paid pursuant to statute.

For the reasons stated we grant the writ of habeas corpus, vacate the order of the trial court and order petitioner released from custody. This is not to say that petitioner may not be legally held obligated to pay the sum of $7,975 as delinquent child support payments and to be held in contempt upon failure to pay such sum.

Habeas corpus granted.