**Ex parte Leon GASTON.**

**No. 7543.**

Court of Civil Appeals of Texas, Beaumont.

Nov. 1, 1973.

Chandler, Weed & Conner, Wm. D. Winston, Lufkin, for relator.

John Hannah, Dist. Atty., Clerk Anderson, Lufkin, for respondent.

KEITH, Justice.

Our original jurisdiction in this habeas corpus proceeding has been invoked under the provisions of Art. 1824a, Vernon's Ann. Civ.St., after Relator was remanded to custody upon a finding of contempt for the violation of an order to support his minor children entered in a court in the State of Louisiana. Our transcript reveals that proceedings had been instituted in the Juvenile Court in Caddo Parish, Louisiana, by the mother of three minor children under the provisions of Art. 2328b–4, V.A.C.S., known as the Uniform Reciprocal Enforcement of Support Act (hereinafter "Act").

Relator filed elaborate pleadings, including a cross-action, and the parties testified

at the hearing, all as shown by a partial transcript filed in our court. At the conclusion of the hearing, the trial court found that Relator had failed and refused to comply with a certain decree entered in the Louisiana Court. Relator was adjudged in contempt of court for failure and refusal "to make the payments of child support in defiance of the terms of the decree" and he was committed to the custody of the Sheriff of Angelina County until he paid the total sum of the support in arrears, namely, $1,500.

We have an agreed statement of facts which reveals that the mother testified to the divorce proceedings and the entry of the support order in Caddo Parish; and that Relator was in arrears in such payments in the amount of $1,900. Relator also testified as to his divorce from the mother of his children, the entry of a support order in the Louisiana proceedings, and confirmed that he had made no payments since January, 1973, resulting in an arrearage of $1,900. Such testimony was received over Relator's objections that such testimony was not the best evidence; that the original records of the divorce and support order would constitute the best evidence, etc. Further, although the certificate of the Juvenile Court of Caddo Parish transmitting the petition for support was on file in the District Clerk's office in Angelina County, formal proof was not made upon the hearing by offering such instruments in evidence.

As we understand Relator's position, as reflected in his petition for the writ and in the supporting brief, the commitment was void because the trial court "made no finding of a duty of support" and that the foreign judgment was "not registered and confirmed by the trial court."

■ This being a collateral attack upon the judgment of a court of competent jurisdiction, in order for Relator to prevail he must show that the contempt judgment is absolutely void and not merely voidable. Ex parte Williams, 469 S.W.2d 449, 450 (Tex.Civ.App., Beaumont, 1971, original proceedings), and cases therein cited. See also, Ex parte Helle, 477 S.W.2d 379, 381 (Tex.Civ.App., Corpus Christi, 1972, original proceedings).

It was said in Ex parte Tyler, 152 Tex. 602, 261 S.W.2d 833, 834 (1953): "In order for the contempt judgment to be a void judgment it must have been entered by a court without jurisdiction of the parties and of the subject matter. On the other hand, if the Court had jurisdiction of the parties and the subject matter, the judgment is not void, even though it may be an erroneous judgment." Under § 10 of the Act, the trial court was given jurisdiction of the subject matter of the litigation and both the judgment and the agreed statement of facts show that the trial court had acquired jurisdiction of the person of Relator.

■ Considering Relator's challenge to the judgment of contempt in its most favorable light, all we have are complaints that the trial court fell into error in the admission of testimony or failed to follow implicitly each of the provisions of the Act. At most, such constituted reversible errors which could have been corrected upon a direct appeal and did not divest the trial court of jurisdiction to enter the order. As was said in Ex parte La Rocca, 154 Tex. 618, 282 S.W.2d 700, 703 (1955): "[T]he fact that a judgment may be erroneous does not render it void."

The judgment finding Relator in contempt was not void. Therefore, the writ is discharged and Relator remanded to the custody of the Sheriff of Angelina County, Texas, pursuant to the order of the trial court.

Relator remanded.