Henry ATKINSON, Appellant,

v.

Marqueita ATKINSON, Appellee.

No. 8786.

Court of Civil Appeals of Texas, Amarillo.

Dec. 19, 1977.

Appellant's Motion and Appellee's Rehearing Denied Jan. 16, 1978.

A. W. Salyars, Joyce Hill, Lubbock, for appellant.

Brown & Harding, Mike Brown and Ralph H. Brock, Lubbock, for appellee.

ROBINSON, Chief Justice.

This suit involves a property settlement agreement which was incorporated into a divorce decree. Marqueita Atkinson sued her former husband, Henry Atkinson, to enforce that part of the property settlement agreement providing for payments of $200 per month for 47 months. The trial court granted her motion for summary judgment, awarding her the accrued payments and the present value of the future installments. Defendant has appealed from the summary judgment, alleging the existence of genuine questions of fact. Affirmed.

Henry and Marqueita Atkinson were divorced in the 140th District Court of Lubbock County, Texas in October, 1974. Prior to the divorce, the parties entered into a child custody and property settlement agreement which was incorporated in the final divorce decree. The trial court found that the agreement was fair and reasonable. The provision of the agreement in issue required defendant to pay his wife $200 per month for 47 months "to equalize the property division herein made."

Henry Atkinson made only six payments of $200 to his former wife. In October, 1975, Marqueita Atkinson filed suit to enforce the agreement, seeking judgment for the past due installments and for anticipatory breach of the contract. In response to Plaintiff's Requests and Interrogatories defendant stated that he did not consider the property settlement agreement to be valid.

Plaintiff moved for summary judgment pursuant to Rule 166–A, Texas Rules of Civil Procedure, based on the pleadings, affidavits and certified copies of court records. Defendant alleged that under the property settlement agreement his wife received six times the value of assets as he, implying that the monthly payments could not have been "to equalize the property division."

The court granted Plaintiff's Motion for Summary Judgment, finding that no genuine questions of fact existed and that plaintiff was entitled to a recovery under the terms of the property settlement agreement on file in the 140th District Court of Lubbock County, Texas.

Defendant has raised contractual defenses to the property settlement agreement—failure of consideration and unconscionability. Were we to consider these defenses, we would be permitting a collateral attack on the divorce decree. An agreement incorporated into the divorce decree has the same force and effect as any other judgment, and the absence of fraud or mistake is binding between the parties and stands as a final disposition of their rights. *Eagle Lumber Co. v. Trainham*, 365 S.W.2d 702 (Tex.Civ.App.—San Antonio 1963, writ ref'd n. r. e.). Since Atkinson did not appeal from the divorce judgment, the finality of that judgment cannot be collaterally at-

tacked. *Peddicord v. Peddicord*, 522 S.W.2d 266 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.).

The facts in *Peddicord v. Peddicord, supra,* are similar to those in the case at bar. The wife sued to enforce a property settlement agreement incorporated into their divorce decree. Her husband's sole point of error was that summary judgment was improper because the trial court failed to allow him to assert contractual defenses to the property settlement agreement. We are in agreement with the holding of that court:

> We do not decide this case by passing upon the contractual defenses raised by defendant, and holding they have no merit. We hold that the judgment of the trial court entered December 7, 1970, became a final judgment when there was no appeal. Upon a suit to enforce the terms of the settlement agreement approved in such judgment, the sanctity and finality of that judgment cannot be collaterally attacked. Therefore, no issues of fact were raised by the defendant through his pleadings, and the trial court properly granted plaintiff's motion for summary judgment.

*Id.* at 267.

Collateral attack would only be permissible if the judgment were void, as determined from the face of the record. *Ex Parte Tyler*, 152 Tex. 602, 261 S.W.2d 833 (1953). Defendant has not alleged that the divorce judgment is void for lack of jurisdiction over the parties or subject matter, and the record does not reveal any jurisdictional defects.

The trial judge properly granted summary judgment in favor of Mrs. Atkinson for a liquidated claim on the contract.

Mrs. Atkinson prays for the imposition of a 10% penalty against defendant for bringing this appeal without sufficient cause for purpose of delay. Texas Rules of Civil Procedure 435. We find that this is not a proper case for imposing such a penalty.

The summary judgment granted by the trial court is affirmed.

DODSON, J., not participating.