Affirmed and Memorandum Opinion filed July 13, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00308-CV

___________________

 

Dennis C. DeAcetis, Appellant

 

V.

 

Rodney C. Wiseman, Appellee



 



 

On
Appeal from the 239th District Court

Brazoria County,
Texas



Trial Court Cause No. 54766

 



 

 

MEMORANDUM OPINION

            Marianne
Whitley divorced her husband, appellant Dennis DeAcetis, in 2003, and was
awarded the marital home.  Although DeAcetis did not appeal the property
division, he has spent the past seven years asserting an interest in the
property, first, by refusing to vacate the property until he was jailed for
contempt, and second, by suing virtually everyone else with an interest in the
property or the proceeds of its sale.  Here, he sued the attorney who
represented his ex-wife in her successful forcible detainer action, asserting
claims of common-law and statutory fraud, conversion, and conspiracy, and
seeking title to the property and a declaration voiding every real estate
transaction since his divorce.  Once again, we affirm based on res judicata.

I.  Factual and Procedural
Background

            This
litigation is based on DeAcetis’s claimed interest in his former home; we detailed
the factual and procedural background of his claim in DeAcetis v. Whitley,
No. 14-08-00429-CV, 2010 WL 1077904, at *1–2 (Tex. App.—Houston [14th Dist.]
Mar. 25, 2010, pet. filed) (mem. op).  In brief, DeAcetis and Marianne Whitley
held beneficial title to their marital home, while legal title was held by a
corporation owned by their two children.  The family court awarded the home to Whitley
in its final decree of divorce on May 29, 2003.  DeAcetis did not appeal the
decision, but he refused to vacate the property.  Whitley therefore retained attorney
Rodney Wiseman and assigned him a portion of the property’s sales proceeds in
an amount equal to the fees for his representation.  Wiseman obtained an order
for enforcement of the divorce decree and successfully prosecuted a forcible
detainer action against DeAcetis in the justice court, but DeAcetis still
refused to vacate the property.  Ultimately, DeAcetis was jailed for contempt
of the family court’s orders and released only when, pursuant to a Rule 11
agreement, he agreed to vacate the property and execute all documents needed to
clear Whitley’s title.  In March 2005, nearly two years after the divorce
decree, Whitley conveyed the property to James and Kimberly Gary; approximately
one year later, the Garys conveyed the property to Martha Fonke.  

            DeAcetis
sued them all: his two children, his ex-wife, his ex-wife’s former attorney,
the couple who purchased the property from his ex-wife, and the person to whom
that couple subsequently sold the property.  He pleaded the same causes of
action against Whitley and Wiseman; specifically, he asserted claims for
(a) declaratory judgment that every real estate transaction since his
divorce is void, and that he owns the property or the proceeds from its sales;
(b) trespass to try title; (c) common-law fraud; (d) statutory fraud;
(e) conversion of his “entitlements to the proceeds” from the sales of the
property; and (f) “aiding, abetting and conspiracy.”

            Whitley
successfully moved for summary judgment on the ground that DeAcetis’s claims
were barred by res judicata, and we affirmed the trial court’s judgment.  Id.,
2010 WL 1077904, at *3.  Wiseman moved for summary judgment on the same
grounds, and in addition, Wiseman asserted that (1) he was immune from
liability for actions taken in the course of representing Whitley,
(2) DeAcetis lacked standing to bring this suit, and (3) there was no
evidence to support DeAcetis’s claims for declaratory judgment, trespass to try
title, statutory fraud, conversion, or “aiding, abetting and conspiracy.”  The
trial court granted the motion and severed the claims against him, thus
rendering the summary judgment final.  

            In two
issues, DeAcetis contends that the trial court erred in granting summary
judgment, whether the judgment was based on no-evidence grounds or on the
affirmative defense of res judicata.  Because the latter issue is dispositive,
we address only the motion, response, and evidence concerning Wiseman’s res
judicata defense.  See Tex. R.
App. P. 47.1.

II.  Standard of Review

            We review
summary judgments de novo,[1]
and where the trial court grants the judgment without specifying the grounds,
we affirm the summary judgment if any of the grounds presented are
meritorious.  FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868,
872 (Tex. 2000).  In a traditional motion for summary judgment, the movant
bears the burden to show that there is no genuine issue of material fact and it
is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420,
425 (Tex. 1997).  To be entitled to traditional summary judgment, a defendant
must conclusively negate at least one essential element of each of the
plaintiff’s causes of action or conclusively establish each element of an
affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910,
911 (Tex. 1997).  “Evidence is conclusive only if reasonable people could not
differ in their conclusions . . . .”  City of Keller v.
Wilson, 168 S.W.3d 802, 816 (Tex. 2005).  Once the defendant establishes
its right to summary judgment as a matter of law, the burden shifts to the
plaintiff to present evidence raising a genuine issue of material fact.  City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678–79 (Tex.1979). 
In reviewing the judgment, we take as true all evidence favorable to the
nonmovant, indulging every reasonable inference and resolving any doubts in the
nonmovant’s favor.  See Joe v. Two Thirty Nine Joint Venture, 145
S.W.3d 150, 157 (Tex. 2004).

III.  Analysis

            “Res
judicata precludes relitigation of claims that have been finally adjudicated,
or that arise out of the same subject matter and that could have been litigated
in the prior action.”  Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 652
(Tex. 1996) (citing Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628
(Tex. 1992)).  Thus, a defendant who moves for summary judgment based on the
affirmative defense of res judicata must prove (1) a prior final judgment on
the merits by a court of competent jurisdiction, (2) identity of parties
or those in privity with them, and (3) a second action based on the same claims
that were or could have been raised in the first action.  Travelers Ins. Co.
v. Joachim, No. 08-0941, 2010 WL 1933022, at *1 (Tex. May 14, 2010). 
Wiseman has met that burden.

            First, the
divorce decree is a prior final judgment on the merits by a court of competent
jurisdiction, and the decree reflects that ownership of the property was
awarded to Whitley.  Whitley, 2010 WL 1077904, at *3 (citing Baxter
v. Ruddle, 794 S.W.2d 761, 762 (Tex. 1990)).  Second, Wiseman derives his
claim to a portion of the home’s sales proceeds from Whitley, who assigned such
an interest to him after the district court awarded the home to her.  Thus,
Wiseman is privy to the prior judgment.  See Amstadt, 919 S.W.2d at 653
(“‘[A]ll persons are privy to a judgment whose succession to the rights of
property therein adjudicated are derived through or under one or the other of
the parties to the action, and which accrued subsequent to the commencement of
the action.’” (quoting Kirby Lumber Corp. v. S. Lumber Co., 145 Tex.
151, 154, 196 S.W.2d 387, 388 (1946))).  And third, DeAcetis’s claims against
Wiseman are based on claims that were or could have been raised in the divorce
action.  See Whitley, 2010 WL 1077904, at *3.  

            In appealing
this ground for summary judgment, DeAcetis argues that the divorce proceeding
could not be a “prior suit” for the purposes of res judicata because the trial
court in that action did not and could not divest the corporation of title to
the property and award such title to Whitley.  But in making this argument, DeAcetis
fails to distinguish between legal title and equitable title, even though his
own claim to the property is based on that same distinction.  

            In these proceedings, DeAcetis represented
to the trial court that his children’s corporation purchased the property in
1997, but that he provided the $70,000 down payment for the property as well as
$40,000 for improvements.[2] 
He did not contend that these funds were his separate property.  According to
DeAcetis, his son Peter promised him on the day before the divorce was granted
that Peter would convey his interest in the corporation to DeAcetis.[3]  DeAcetis asserts
that the money paid for the down payment and improvements to the property were
consideration for this exchange, but that Peter failed to convey his interests
as promised.  Based on this alleged promise, DeAcetis claims that he “equitably
has been granted a superior title” to the property.  Thus, where his own claim to
the property is concerned, DeAcetis appears to recognize the well-established
principle that equitable title can pass even when legal title has not.  

            But evidence that such payments were made
(and DeAcetis offered none) also would be evidence that a resulting trust arose
in favor of the marital estate when the title was conveyed to the children’s
corporation.  See Cohrs v. Scott, 161 Tex. 111, 117, 338 S.W.2d 127, 130
(1960) (“A resulting trust arises by operation of law when title is conveyed to
one person but the purchase price or a portion thereof is paid by another.”). 
Under such circumstances, the corporation would be considered to hold legal
title to the property, while the marital estate would be considered to hold
beneficial or equitable title.  See id. (“The parties are presumed to
have intended that the grantee hold title to the use of him who paid the
purchase price and whom equity deems to be the true owner.”) (emphasis
added); Winkle v. Winkle, 951 S.W.2d 80, 88 (Tex. App.—Corpus Christi
1997, pet. denied) (explaining that the characterization of property as
separate or community property is determined by the inception of title which
“occurs when a party first has right of claim to the property by virtue of
which title is finally vested”); Whitley, 2010 WL 1077904, at *1
(explaining that family court awarded beneficial title to Whitley).  Thus,
proof of DeAcetis’s factual allegations would have established only that the
marital estate was “the true owner,” even though legal title was held by
another.  See Cohrs, 161 Tex. at 117; 338 S.W.2d at 130; Winkle (holding
that real property purchased during the marriage with community funds and
intended as a home for the community is community property).  Because the
characterization of property and the division of the marital estate were
matters to be resolved in the divorce proceedings, DeAcetis’s claimed interest
in the property was an issue that could have been raised in the earlier
action.  See Adams v. Adams, 214 S.W.2d 856, 858 (Tex. Civ.
App.—Waco 1948, writ ref’d n.r.e.) (explaining that the legal effect of the
property division in a divorce decree was to adjudicate the parties’ property
rights).  

            Although DeAcetis assumes that the family
court could not characterize or divide marital property for which neither of
the parties held legal title, he cites no authority for this proposition.  Contrary
to DeAcetis’s assumption, the family court could characterize Whitley and
DeAcetis’s respective equitable interests, if any, as community or separate
property; the court also could include equitable community property in the
division of the marital estate even if neither held legal title to the
property.  See Jones v. Jones, 804 S.W.2d 623, 625 (Tex.
App.—Texarkana 1991, no writ) (concluding that evidence supported a finding
that equitable title to real estate was community property even though record
title was in the name of husband’s brother); see also Tex. Fam. Code Ann. § 4.001(2)
(Vernon 2006) (defining “property,” as that term is used in statutes governing
premarital and marital property agreements, to include equitable interests in
real property).

            Finally, DeAcetis contends that the family
court did not award ownership of the property but instead directed him only to
provide Whitley’s attorney with information about a lease of the property.  This
argument is contradicted by the record.  The divorce decree records that
Whitley and DeAcetis were awarded the property identified in an exhibit
attached to the decree.  The first item listed on the exhibit is the former
marital home, and it is conspicuously recorded that “ownership” of the property
was awarded to “wife.”  The same court later issued an order of enforcement by
contempt in which it found DeAcetis guilty of violating the divorce decree in
that Whitley “was awarded the residence” and DeAcetis failed to turn the
property over to her.  Plainly, as between Whitley and DeAcetis, ownership of
the property not only could have been litigated, it was litigated.  

            We conclude
that the trial court did not err in granting traditional summary judgment based
on Wiseman’s affirmative defense.  We therefore overrule DeAcetis’s second
issue, and do not reach his first issue.  See Tex. R. App. P. 47.1.

 

IV.  Conclusion

            Just as we
previously held that Whitley can successfully raise res judicata as a defense
to DeAcetis’s attempts to relitigate his claimed interest in the former marital
home, see Whitley, 2010 WL 1077904, at *3, so we now hold that Wiseman, who
succeeded to a portion of Whitley’s rights in the property, can similarly rely
on the preclusive effect of the final judgment in the divorce to defeat
DeAcetis’s claims.  See Shanks v. Treadway, 110 S.W.3d 444, 449 (Tex.
2003) (stating that husband’s remedy for the trial court’s alleged substantive
error of law in dividing property was by direct appeal of the divorce decree,
not by collateral attack); Atkinson v. Atkinson, 560 S.W.2d 200, 201–02
(Tex. Civ. App.—Amarillo 1977, no writ) (holding that a party who did not appeal
a divorce decree could not collaterally attack the judgment by raising
contractual defenses to the property settlement incorporated into the decree). 
We therefore affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Justices
Brown, Sullivan, and Christopher.









[1] Valence Operating Co.
v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).





[2] DeAcetis provided no
evidence of such payments, but instead attached to his response an affidavit in
which he attested that the factual assertions in the response were “true and
correct to the best of my knowledge.”  This statement is insufficient to raise
a fact issue.  See Kerlin v. Arias, 274 S.W.3d 666, 668 (Tex. 2008) (per
curiam) (holding that respondent to a motion for summary judgment failed to
raise a fact issue by producing an affidavit in which the affiant attested that
her factual assertions were “true and correct to the best of my knowledge and
belief”).  





[3] We note with interest
that two weeks after oral argument in this case—and contrary to his position in
the trial court and in this court—DeAcetis repeatedly represented to the Texas
Supreme Court in a companion case that the divorce already had been granted at
the time Peter allegedly made such a promise.  See Petition for Review
at 3, 6, and 14, DeAcetis v. Whitley¸ No. 10-0340 (Tex. June 3, 2010).