**BALDWIN et al. v. LEONARD.**

**No. 1717.**

Court of Civil Appeals of Texas. Eastland.

Nov. 24, 1937.

Rehearing Denied Dec. 17, 1937.

Fred Stockdale, of Aspermont, for appellants.

Ernest May, of Fort Worth, for appellee.

LESLIE, Chief Justice.

O. P. Leonard instituted this suit in the nature of trespass to try title, but really for

possession, only, of a tract of land situated in Stonewall county.

A trial resulted in an instructed verdict and judgment thereon for the plaintiff against the defendants, Mrs. Nannie L. Baldwin and others. The defendants appeal, claiming that the judgment is invalid because it was rendered by a judge who had not been selected in accordance with article 5, § 11, of the Constitution of Texas. A part of the contention is that there is a total absence in the record of any showing that the judge trying the case "was elected after any disagreement of the parties in selection of a judge to try this cause. * * *"

It would seem that "absence of showing" in the record is an element of strength in favor of the judgment. Appellants' pleadings and concessions in their brief establish that B. W. Patterson, presiding judge, was the duly elected and qualified district judge of the Eighty-Eighth judicial district, Eastland county, Tex. Further, that Judge Dennis P. Ratliff, regular district judge of the Thirty-Ninth judicial district (of which Stonewall county is a part), was disqualified to try the case, and that more than once he had certified the fact of his disqualification to the Governor. The Governor had on three separate occasions designated district judges in adjoining districts to sit and try this case. For sufficient reasons they did not preside, but Judge Patterson, at the appointed time, appeared and tried the case at a regular term of court, but over the protest of the defendants to the effect that they had a right to agree, or, at least, to attempt to agree, with the plaintiff Leonard on "a proper person to try the case." That in any event, the Governor was not warranted in designating a judge for the trial until the litigants had disagreed on the selection of a proper person.

Additional to the above facts, there is in the judgment the following significant recital, namely: "On this the 5th day of June, 1936, at a regular term of this court, this cause came on for hearing before Hon. B. W. Patterson, Judge of the 88th District Court sitting for the regular judge of this court who was disqualified herein."

That he was sitting "for the regular judge" under the circumstances cannot be denied. Certainly the record does not refute that fact.

Governing in such cases and supplying the authority of a regular district judge are constitutional and statutory provisions of this state as follows:

"District Judges may * * * hold courts for each other when they may deem it expedient." Article 5, § 11, Const. of Texas.

"A judge of the district court may hold court for or with any other district judge; and the judges of such courts may exchange districts whenever they deem it expedient." Article 1916, R.S.1925.

On the proposition we cite Marx v. Weir (Tex.Civ.App.) 130 S.W. 621 (error ref.); Connellee v. Blanton (Tex.Civ.App.) 163 S.W. 404.

It is our conclusion that upon the showing made by this record Judge Patterson, being a district judge, derived his authority to try the case from the provisions of the Constitution and statute referred to, and it would be immaterial whether his designation by the Governor (if the record so showed) to try the case was in strict accordance with article 1885, R.S.1925, or not.

Under the above provisions, "* * * an exchange of districts may be effected upon the judges' own initiative, or as the result of a request of one of the judges. The making and entry of a formal order declaring the exchange of districts by the judges is not required; nor is it essential that the docket or minutes show a reason for the exchange." 25 Tex.Jur. p. 346, § 96.

The above provision of the Constitution and statute answer the appellants' contentions, but aside from the material facts conceded, and alluded to above, there is nothing but extensive pleadings (plea and protest) advancing different reasons why Judge Patterson was without authority in law to try the case. There is not to be found in the statement of facts or a bill of exception any testimony, documentary or otherwise, establishing or bearing on the allegations of disqualification.

We shall notice further the contention of appellants that there is absent from the record a showing that the parties to the suit had disagreed upon a proper person to try the case as a prerequisite for the designation of Judge Patterson, or any one else, to try the same. In such cases, the rule of presumption obtaining in this court is stated in 3 Tex.Jur. p. 1036, § 734, as follows: "It is a fundamental principle of appellate review that all intendments and presumptions not contradicted by or inconsistent with the record are in favor of the rulings of the trial court. In other words, the pre-

sumption is in favor of the right action of the trial court. Error is never presumed; the burden is upon the party complaining of error to show affirmatively by the record that error was committed."

The gist of such presumption is that all things not contradicted by the record are presumed in favor of the judgment. Applying this test to the judgment and record before us, we are warranted, if not required, to presume that Judge Ratliff, in recusing himself, certified to the Governor that the parties to this suit failed to agree upon "an attorney of the court for the trial" of the case, whereupon, the Governor proceeded under the latter portion of article 1885, R.S.1925, to "appoint a person legally qualified to act as judge in the trial of the case." This is a correct deduction, since it is conceded by the appellants that Judge Patterson was a person legally qualified to act as a judge in the trial of the case, provided the right to have one by agreement had not made a "proper person" available to try it and Judge Patterson had been designated to do so.

Upon the question of whether or not Judge Ratliff could have truthfully certified to the Governor that the parties had failed to agree upon the proper person to try the case, the opinion in Harris v. Musgrave, 72 Tex. 18, 9 S.W. 90, 91, is in point. It is there held: "In cases where the district judge is recused, the failure of the parties to report their agreement upon a special judge by the time the case is reached in the regular order of business authorizes the presiding judge to certify his disqualification to the governor, together with the fact that the parties have failed to agree upon a special judge."

Hence, the record appears to support the authority of Judge Patterson to try the case, even under the theory now under consideration.

Among other authorities the appellants cite and rely upon the opinion in Alley v. Mayfield (Tex.Civ App.) 131 S.W. 295, 296. We do not see that it has any application to the facts of this case. There a regular district judge was disqualified to try a case and the Governor appointed a district judge from an adjoining district. The court held he had authority to try the case and render judgment therein. The concluding part of that opinion is significant and confirms the correctness of the conclusions we entertain in the disposition of this appeal. In the part of the opinion referred to, the court held:

"Regardless of the fact that the record herein wholly fails to show that appellees either had or would agree with appellants upon a qualified person to try this case, we hold, on the authority of the cases cited, that there was no error in the court's action in overruling appellants' objections to Judge Browning presiding."

Other authorities relied on by appellants are not believed to be in point. In those cases there had been no compliance with the rather strict law providing for trial before a special judge as contradistinguished from a duly elected or qualified district judge. The rules of law in such cases are not applicable to the instant one.

Appellants' assignments are overruled, and for the reasons assigned the judgment of the trial court is affirmed.