STATE of Texas, Appellant,

v.

ORANGEFIELD INDEPENDENT SCHOOL
DISTRICT, Appellees.

No. 6376.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 2, 1961.

Will Wilson, Atty. Gen., James P. Ryan, Asst. Atty. Gen., for appellant.

Hustmyre & Harris, Orange, for appellees.

McNEILL, Justice.

This is a condemnation proceeding instituted by the State of Texas through its Highway Commission against the Trustees of Orangefield Independent School District of Orange County to condemn the fee simple title to a tract of .526 acre of land out of a 5-acre tract. The proceeding was instituted under authority of Article 6674w, V.C.S., 1925, Vernon's Ann.Civ.St. art. 6674w, and its purpose was to acquire the .526 acre as part of a right of way of Interstate Highway 10, a controlled access highway. The parties will be referred to herein as the State and District.

The cause was tried before a jury at the September, 1959, term and the jury's verdict was returned in open court on October 29th, received and filed. While the District then made an oral request for judgment on the verdict, the court took the matter under advisement and no judgment was rendered at the September term.

Four issues were submitted to the jury, the first three having to do with the value

of the land taken and damage to the remainder, and the 4th inquired whether the State had made a bona fide effort to agree with the District on the amount of damages. The effect of the answers to the first three issues was to award $15,500 to the District on account of the taking and damages, but the jury found in response to Issue No. 4 that the State had not made a bona fide effort to agree with the District on the amount of damages.

The September, 1959, term ended on Nov. 2, 1959. On Nov. 29, 1959, at a subsequent term, the District filed its motion for judgment which was in two parts: the first was for judgment upon the basis of answer to Issue No. 4 which would, in effect, return possession of the premises to the District; and the second or alternative part was, in effect, a motion to disregard the answer to Special Issue No. 4, and if the court was of the opinion there was no evidence to support the answer, then the court should render judgment in behalf of the District against the State in the sum of $15,500 and vest the title to the land taken in the State. Forms of judgment for either view which the court would sustain were attached to the motion. Hearing was had on this motion Dec. 3, 1959, and the court, adopting the second part of the motion, granted judgment disregarding the jury's answer to Special Issue No. 4 and rendered judgment against the State for the sum of $15,500 nunc pro tunc as of and for October 29, 1959.

The State has appealed from this judgment. It makes several contentions having to do with asserted errors during the trial, but we think its contention that the judgment rendered by the trial court was erroneous because it was rendered and entered at a term subsequent to the return of the verdict must be sustained. This renders other questions immaterial.

■ There is no firmer principle established in our jurisprudence than that courts can only exercise jurisdiction to hear and determine rights at the time and place fixed by the statutes or rules of court authorized by the statutes. Rouff v. Boyd, Tex.Civ.App., 16 S.W.2d 403. And it has been generally recognized that a cause which is in process of being tried at the termination of the term of court cannot be taken up at the next term where left off at the prior term and be proceeded with from that point. McDonald, Tex.Civ. Practice, Vol. 1, p. 111. But since our Civil Practice Act known at Article 2092, enacted in 1923, and other acts of similar nature, statute or rule, cases partly tried at one term of District court may be disposed of at a later one. And the idea behind Article 1923, R.S.1925, originally enacted in 1909, Vernon's Ann.Civ.St. art. 1923, providing that the presiding judge of a district court, when in the midst of a trial at the expiration of the term shall have power to extend the term for the purpose of that case until conclusion of such pending trial, was to keep the work already done from going for naught. Though the trend is rightly away from the earlier rule of practice stated in McDonald's work, there is still no such authority for extending the term of a county court. Citizens State Bank of Frost v. Miller, Tex.Civ.App., 115 S.W.2d 1183; Denton County v. Lowrey, Tex.Civ.App., 156 S.W. 2d 546.

■ However, it is argued by the District that since it urged the court for judgment upon the return of the verdict at the September, 1959, term and it was not because of its inattention judgment was not finally rendered and entered at that term, it should not be penalized and the judgment having been rendered nunc pro tunc at the later term is valid. While a judgment may be entered nunc pro tunc at a later term where it was actually rendered at the previous term, the general rule is that judgment will not be both rendered and entered at a subsequent term upon a trial had at a previous term. British General Ins. Co. v. Ripy, 130 Tex. 101, 106 S.W.2d 1047, 1048; Coats v. Garrett, Tex.Civ.App., 283 S.W.2d 289. However,

there has long been a recognized exception to this rule: the rendition of judgment on a general verdict being a ministerial act, that judgment may be both rendered and entered on such verdict nunc pro tunc at a later term, though this exception did not apply to a special verdict. Carwile v. Wm. M. Cameron & Company, 102 Tex. 171, 114 S.W. 100. But since the decision in Gulf C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296, 302, this distinction was rejected and the principle was there announced that the rendition of the judgment upon a special verdict, when the necessary effect of such verdict is "clear and plain" is also a ministerial act, and judgment in such case may be both rendered and entered at a succeeding term. This holding was reaffirmed in Williams v. Wyrick, 151 Tex. 40, 245 S.W.2d 961, the court at page 962 stating: "The real test is whether the case was fully ripe for judgment before the end of the term at which it was tried."

The trial court denied that part of the District's motion praying for judgment on the verdict for the reason there was no evidence to support the jury's answer to Issue No. 4. Neither party questions this finding of the trial court and there is no statement of facts. The District made no objection or exception to the court's action in overruling the part of its motion for judgment on the verdict, nor filed a motion for new trial, as provided in Rule 324, Texas Rules of Civil Procedure. Walker-Smith Co. v. Coker, Tex.Civ.App., 176 S.W. 2d 1002. And in its brief it states (p. 10) no complaint is made of the action of the trial court in overruling its motion for judgment on the verdict and granting its alternative motion disregarding Issue 4 and rendering the judgment from which the State appeals. Whether, therefore, the verdict of the jury was so "clear and plain" as would dictate the rendition of judgment thereon we need not decide.

Under the rule of rendition and entry of judgment nunc pro tunc as stated in Williams v. Wyrick, we come next to consider whether the case was one "fully ripe" for judgment at the time it was rendered in the county court. That court could not on its own motion disregard the finding upon Issue No. 4 and have rendered judgment. And since it was necessary for the District to have filed such motion to disregard the finding, and this was not filed at the September term, the case was not then "fully ripe" for judgment. In addition, acting upon a motion to disregard a finding invokes the judicial discretion of the court and his action in rendering judgment cannot be classed as a ministerial duty. McDonnell-Perkins Builders, Inc. v. Cranford, Tex.Civ.App., 328 S.W.2d 800. Consequently the trial court had no authority at the later term to render it.

Appellees rely strongly upon Brannon v. Wilson, Tex.Civ.App., 260 S.W. 201, 203. There, while the cause was tried to a verdict in the Nov. 1922 term, no judgment was rendered thereat. At a later term, Feb. 7, 1923, judgment was rendered for appellees but it contained an order granting appellant a new trial. At still a later term, on Oct. 6, 1923, the trial court set aside the order granting a new trial leaving the original judgment except for that part granting a new trial in effect, and appellant appealed. The court there held that since the court failed to announce judgment upon the verdict at the November term such matter passed over to the next term as "business remaining undetermined" under Art. 1919, R.S. 1911. Whether this article was authority for this holding, which we doubt, in any event it is no longer in effect. Besides, the practical effect of the judgment of Feb. 7, 1923 in the Brannon case was one granting a new trial and the appellate court correctly held that a motion for new trial may not be set aside at a subsequent term.

Appellees also urge that since the judgment rendered was one in favor of appellant it cannot now complain. We cannot hold the judgment in every respect was favorable to the State. Since the suit is

one of condemnation, simply because the court in its judgment recognizes the right of the State to take the property does not necessarily bind the State to accept the amount of the judgment awarding damages against it. The cause is reversed and remanded for a new trial.