Ex parte Herbert LOWERY.

No. 7670.

Court of Civil Appeals of Texas, Beaumont.

Jan. 23, 1975.

Ralph Zeleskey, Lufkin, for relator.

Earl B. Stover, Silsbee, for Judge Smith.

KEITH, Justice.

Our original jurisdiction has been invoked under the provisions of Vernon's Tex.Rev.Civ.Stat.Ann. art. 1824a (Supp. 1974–1975), after Relator was found in contempt of court for refusing to answer certain questions propounded to him in a hearing involving children mentioned in an earlier divorce decree. The only question presented by our record is that involving the jurisdiction of the trial court to hear the contempt action and to enter the order.[1]

### Statement

On January 29, 1974, the Honorable Clyde E. Smith, Jr., Judge of the 88th Judicial District of Texas,[2] entered a decree of divorce wherein the custody of three minor children was adjudicated. The divorce suit was instituted and was then pending in the 159th District Court of Angelina County but the Honorable David Walker, judge of said court, was disqualified. The parties agreed that Judge Smith could hear the case at Kountze, Hardin County, but all proceedings were carried under the Angelina County number and the

---

1. Relator declined to answer several questions propounded to him on the ground "it might incriminate me." The issue of constitutional privilege is not urged upon us and we do not reach the question because of our disposition of the issue which is presented. See Maness v. Meyers, —— U.S. ——, 95 S.Ct. 584, 42 L.Ed.2d 574 (Jan. 15, 1975), 43 L.W. 4143.

2. The 88th Judicial District is composed of Hardin and Tyler Counties and Judge Smith is the presiding judge thereof. Tex.Rev.Civ. Stat.Ann. art. 199 (1969).

judgment was entered in the minutes of the 159th District Court.[3]

The petitioner in the divorce proceeding (the mother) filed a motion in the 159th Court seeking to hold Relator in contempt of court for his alleged violation of the provisions of the divorce decree. Judge Walker, in a letter, advised all counsel of his continuing disqualification and suggested "that you contact Judge Clyde Smith, Kountze, Texas, in regard to his hearing this Motion." No other formal written instrument appears in our record with reference to an exchange of benches or a transfer of the cause, and there was no assignment of a judge by the presiding judge of the administrative judicial district.

Judge Smith, by an order entered in the Angelina County case, directed the District Clerk of the 159th District to issue a notice to Relator to appear before him at Kountze, Hardin County, to show cause why he should not be held in contempt for the violation of the original divorce decree. Relator's counsel filed a motion to quash the notice in the district court of Angelina County, but appeared in Kountze at the time and place set forth in the notice.

Relator's counsel again urged the complete want of jurisdiction of Judge Smith to hear the contempt motion but it was overruled and Judge Smith ordered the hearing to continue. We quote his remarks in the margin.[4] After Relator refused to answer the questions (fn. 1, supra), he was found in contempt of court and committed to the custody of the sheriff of Hardin County on a commitment issued by the District Clerk of Hardin County "until such time as he may purge himself of such contempt." The order of commitment recites that it was entered in Cause No. 16,079–73–1 upon the docket of the District Court of Angelina County, Texas. It recites that it was "[r]endered and entered this the 13th day of December, 1974 at Kountze, Hardin County, Texas." It is signed by Clyde E. Smith, Jr., "Judge, 88th Judicial District Court, Sitting for and at the Request of Honorable David Walker, District Judge, 159th Judicial District of Texas," and it ordered Relator confined in the county jail of Hardin County.[5]

Relator immediately made application to this court for a writ of habeas corpus. We ordered his release on bond pending a hearing and the cause has now been presented to us upon a complete record with briefs and oral argument by the opposing sides.

### Opinion

■ Since this is a collateral attack upon the judgment of the trial court, Relator labors under the burden of showing that the judgment under which he is imprisoned is void and not merely voidable. Ex parte Williams, 469 S.W.2d 449, 450 (Tex.Civ.App.—Beaumont 1971, orig. proceedings), and cases therein cited. See also, Ex parte Helle, 477 S.W.2d 379, 381 (Tex.Civ.App.—Corpus Christi 1972, orig. proceedings); Ex parte Holloway, 490 S.W.2d 624, 626 (Tex.Civ.App.—Dallas 1973, orig. proceedings).

---

3. The 159th District Court is composed solely of Angelina County [Tex.Rev.Civ.Stat.Ann. art. 199a, § 3.005 (Supp.1974–1975 at 61)], and the Court sits only at Lufkin.

4. "THE COURT: The Court feels since I tried it on request of the Judge of Angelina County by Judge Walker to try it on the merits, it seems to me it's only fair and right and should be the law, if it isn't, this Court after entering Judgment, signing the Judgment would have authority to continue, enforce the Order of this Judge. I feel that it follows I should have that authority to enforce the Judgment I entered in behalf of Judge Walker, and that's the position the Court is taking, and the Court respectfully overrules the Motion to Quash."

5. We accept Judge Smith's statement that he was "[s]itting for and at the [r]equest of" Judge Walker. The fact remains is that he conducted the entire contempt proceeding in Hardin County over the objection of Relator and no part of such proceedings occurred in Angelina County other than the issuance of the show-cause order for the hearing.

Since the underlying divorce decree out of which the contempt proceedings arose was a judgment of the 159th District Court of Angelina County, this ancillary proceeding was governed by the provisions of Vernon's Ann.St.Tex.Const. art. V, § 7, as amended in 1949, which requires that the District Court "shall conduct its proceedings at the county seat of the county in which the case is pending, except as otherwise provided by law."

This constitutional provision was construed in this manner in Lyons-Thomas Hardware Co. v. Perry Stove Manuf'g Co., 88 Tex. 468, 27 S.W. 100, 109 (1894): "A judge of the district court in this state has no power to adjudicate the rights of litigants except at the time and places prescribed by law for holding courts, unless the authority is conferred by statute." See Bridgman v. Moore, 143 Tex. 250, 183 S. W.2d 705, 708 (1944), holding:

"Our Constitution and statutes require that a district judge shall hold court only at the county seat of the county, which means the place where the courthouse is situated. Turner v. Tucker, 113 Tex. 434, 258 S.W. 149; Sec. 7 of Art. 5, Constitution of Texas."

See also, Isbill v. Stovall, 92 S.W.2d 1067, 1070 (Tex.Civ.App.—Eastland 1936, no writ). Indeed, this court in State v. Orangefield Independent School District, 345 S.W.2d 823, 824 (Tex.Civ.App.—Beaumont 1961, no writ), paraphrasing Rouff v. Boyd, 16 S.W.2d 403, 407 (Tex.Civ.App.— Galveston 1929, orig. proceedings), said:

"There is no firmer principle established in our jurisprudence than that courts can only exercise jurisdiction to hear and determine rights at the time and place fixed by the statutes or rules of court authorized by the statutes."

It is urged upon us, however, that the foregoing line of cases, antedating the 1949 amendment to the Constitution, "are irrelevant," counsel citing Barnhart Ind. Sch. Dist. v. Mertzon Ind. Sch. Dist., 464 S.W. 2d 197, 201, fn. 1 (Tex.Civ.App.—Austin 1971, writ ref'd n. r. e.). He also contends that Tex.Rev.Civ.Stat.Ann. art. 1919 (Supp.1974–1975), adopted following the 1949 amendment to the Constitution, is controlling and supports Judge Smith's actions. We disagree. Section 2 of art. 1919, quoted in the margin,[6] is not, in our opinion, applicable to the fact structure which we review.

It is readily apparent that the quoted statute is applicable to two different contingencies. The first long sentence is operative only as to districts containing more than one county. Thus, it is not applicable to cases pending in the single-county 195th District, Angelina County. The second sentence applies to two different fact situations: (a) to any "district judge assigned to preside in a court of another judicial district," or (b) to a district judge "who may be presiding in exchange or at the request of the regular Judge of said court."

6. Tex.Rev.Civ.Stat.Ann. art. 1919, § 2 (Supp. 1974–1975): "In all judicial districts in Texas containing more than one (1) county, the district court may hear and determine all preliminary and interlocutory matters in which a jury may not be demanded, and unless there is objection from some party to the suit, hear and determine any noncontested or agreed cases and contests of elections, pending in his district, and may sign all necessary orders and judgments therein in any county in his judicial district, and may sign any order or decree in any case pending for trial or on trial before him in any county in his district at such place as may be convenient to him, and forward such order or decree to the clerk for filing and entry. Any district judge assigned to preside in a court of another judicial district, or who may be presiding in exchange or at the request of the regular Judge of said court may in like manner hear, determine and enter any such orders, judgments and decrees in any such case which is pending for trial or has been tried before such visiting judge; provided that all contested divorce cases, all default judgments, and all cases in which any of the parties have been cited by publication shall be tried in the county in which filed."

Tex.Rev.Civ.Stat.Ann. art. 200a, § 5 (1969), provides for the assignment of district judges "when the regular Judge thereof is absent or is from any cause disabled or disqualified from presiding." Such judges are subject to assignment by the presiding judge of the administrative district "wherein such judge resides." (§ 5a) Such judge may also be assigned to serve in another administrative district, if the presiding judge of such other district has so requested. (Id., § 6).[7]

■ Thus, if Judge Smith was to be assigned to try the contempt action then pending in the 159th District Court of Angelina County, concurrent action of Judge Max Rogers of the Second Administrative District, and of Judge Paul Peurifoy of the First Administrative Judicial District was required. Tex.Rev.Civ.Stat.Ann. art. 200a, §§ 5, 5a, and 6 (1969); 45 Tex.Civ. Jud.Council Ann.Rep. 254–257 (1973). No one even pretends that there was any such assignment. Thus, it is clear that Judge Smith was not presiding by virtue of any *assignment* as set out in Tex.Rev.Civ.Stat. Ann. art. 1919, § 2 (Supp.1974–1975).

■ Recognizing the inapplicability of the assignment theory, Respondent urges that there was an exchange of benches between Judges Walker and Smith. We readily concede that district judges may exchange benches and hold court for each other. This is clearly authorized by Tex. Const. art. V, § 11, and Tex.Rev.Civ.Stat. Ann. art. 1916 (1964). Further, we concede that such an exchange may be effected upon the judges' own initiative and that the making and entry of a formal order is not required nor does the reason for the exchange need be shown in the minutes. Baldwin v. Leonard, 110 S.W.2d 1160, 1161

(Tex.Civ.App.—Eastland 1937, writ dism.) ; Pendleton v. State, 434 S.W.2d 694, 697 (Tex.Cr.App.1968).

■ Our Supreme Court defined jurisdiction in National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021, 1024 (1943) : *"Jurisdiction* means the power conferred upon a court by the Constitution and laws to determine the merits of that suit as between the parties and to carry its judgment into effect. Withers v. Patterson, 27 Tex. 491, 86 Am.Dec. 643." [8] (emphasis in text) Only the 159th District Court had continuing jurisdiction over the minor child involved in the contempt proceedings. Tex.Family Code Ann. § 11.05(a), V.T.C. A.(1973).

■ Judge Smith's comments made at the time he overruled Relator's motion to quash (fn. 4, supra), illustrates Respondent's misconception of the law—the distinction between a "Judge" and a "Court." The language used by the Indiana Supreme Court in State v. Sammons, 223 Ind. 27, 57 N.E.2d 587, 590 (1944), is in point and appropriate to the case at bar. There, the Court said:

" 'Throughout all the constitutional provisions runs the controlling idea that a court can not exist without a judge.' *But a judge is not the court,* although frequently the words are used interchangeably. *'A time when, a place where, and the persons by whom, judicial functions are to be exercised, are essential to complete the idea of a court.'* * * * We find no case wherein it was held that a court could act judicially in term time with all of the administrative officers of the court present at the courthouse in the county seat but the judge fifty miles away in another

---

7. Angelina County is within the geographical area of the First Administrative Judicial District [Tex.Rev.Civ.Stat.Ann. art. 200a, § 1 (Supp.1974–1975) (at 73)] ; the 88th District Court is located within the bounds of the Second Administrative Judicial District. Id.

8. This is a paraphrase of language found in *Withers*. The next sentence in *Withers* is this : "It is a plain proposition that a court has no power to do anything which is not authorized by law." (27 Tex. at 495)

county." [9] (emphasis supplied, citations omitted)

See also, 20 Am.Jur.2d, Courts § 1 at 386–387 (1965); 46 Am.Jur.2d, Judges § 3 at 98 (1969); Annot., 43 A.L.R. 1516, 1558 (1926); supplemented in 18 A.L.R.3d 572, 589 (1968).

█ The fact that Judge Smith heard the original suit and entered the basic judgment is wholly irrelevant. He had neither a right nor a duty to perform thereafter in connection with the judgment except as the presiding judge of the 159th District Court of Angelina County. He had no proprietary interest therein and if it was to be enforced, it could be done only by a district judge sitting in Angelina County under the provisions of the Constitution and laws of Texas.

The Constitution required the proceeding to be held at the county seat of Angelina County "except as otherwise provided by law" (Art. V, § 7, supra) and there being no law authorizing it to be held elsewhere, it follows that Judge Smith's order holding Relator guilty of contempt of court was functus officio and void. Consequently, Relator is entitled to be discharged from confinement under said order of commitment.

Our decision herein is one which follows the constitutional principle of due process of law so firmly embedded in the history of the English-speaking peoples from the time the Magna Charta was forced upon King John of England at Runnymede in June, 1215, A.D.[10] Thus, we give full effect to the precepts of the Fifth

and Fourteenth Amendments to the Constitution of the United States and Article I, Sec. 19 of the Constitution of Texas. Relator had the constitutional right to a hearing in Angelina County, "unless otherwise provided by law." No provision of law authorized Respondent to conduct the trial in Hardin County. Relator is, consequently, deprived of his liberty without due process of law.

The guilt or innocence of Relator is not brought into question by this habeas corpus proceeding, the only question being the legality of his detention. Gilbert v. State, 437 S.W.2d 444, 446 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.). Our action discharging Relator from custody under the order herein considered is without prejudice to the power of the 159th District Court of Angelina County, Texas, to try the issue of contempt in a proceeding conducted in accordance with the Constitution and laws of this State.

Relator is discharged from custody under the order of commitment issued by Judge Smith reviewed herein.

STEPHENSON, Justice (dissenting).

I respectfully dissent. In my humble opinion, the decision reached by the majority has no legal support. Judge Clyde E. Smith, Jr., was authorized by the Constitution and Statutes of the State of Texas to hear this contempt proceeding.

It is apparent that there are two questions which arise:

1. Was Judge Smith qualified to hear this contempt proceeding, and

---

9. Kountze is 82 miles distant from Lufkin by state highway. Presumably all of the "administrative" officers, and the regular judge of the 159th Court were in Lufkin at the time of the hearing of our case. Only Judge Smith of the 88th District Court was in Kountze to hear and determine the rights of the parties.

10. 16 Am.Jur.2d Constitutional Law § 543, 933 (1964):

"The principle that no person should be deprived of life, liberty, or property except

by due process of law did not originate in the American system of constitutional law, but was contained in Magna Charta as a part of ancient English liberties. Chapter 39 of Magna Charta (sometimes referred to as 'chapter 29'), confirmed on the 19th day of June, 1215, declared: 'No freeman shall be taken, or imprisoned, or disseised, or outlawed, or exiled, or anywise destroyed; nor shall we go upon him, nor send upon him, but by the lawful judgment of his peers or by the law of the land.'"

2. Could he hear it in Hardin County?

I have come to the conclusion, from a careful reading of the relevant constitutional and statutory provisions, that both questions must be answered in the affirmative.

In Tex.Const. art. V, § 11 you will find the following:

"And the District Judges may exchange districts, or hold courts for each other when they deem it expedient, and shall do so when required by law."

Tex.Rev.Civ.Stat.Ann. art. 1916 (1964) reads as follows:

"A judge of the district court may hold court for or with any other district judge; and the judges of such courts may exchange districts whenever they deem it expedient."

Tex.Const. art. V, § 7 provides in part as follows:

"The Court shall conduct its proceedings at the county seat of the county in which the case is pending, except as otherwise provided by law."

Tex.Rev.Civ.Stat.Ann. art. 1919 (Supp. 1974–1975) provides in part as follows:

"Any district judge assigned to preside in a court of another judicial district, or who may be presiding in exchange *or at the request of the regular Judge of said court* may in like manner hear, determine and enter any such orders, judgments and decrees in any such case which is pending for trial or has been tried before such visiting judge; provided that all contested divorce cases, all default judgments, and all cases in which any of the parties have been cited by publication shall be tried in the county in which filed." (Emphasis supplied)

The majority practically concedes that Judge Smith had jurisdiction to hear this contempt proceeding under the authority of the Constitution and statutes quoted above

and the cases cited in the majority opinion. Nothing more than a request from the regular judge is required for a visiting judge to preside over a case pending or which the visiting judge had tried, and no formal order is required for the minutes. Baldwin v. Leonard, supra; Pendleton v. State, supra. A further remark by Judge Smith, not quoted by the majority, is as follows:

"THE COURT: I would like to point out for the record this case is being tried by myself on request of Judge Walker in writing. . . . "

This statement alone is sufficient to show Judge Smith had jurisdiction to hear this contempt proceeding.

The primary basis relied upon by the majority as holding the contempt order to be void was the failure of Judge Smith to conduct this hearing in Angelina County.

The majority opinion assumes the case had to be heard by the visiting judge in Angelina County, without giving any authority for such assumption other than art. V, § 7 of the Constitution. However, as quoted above, that article of the Constitution states the court shall conduct its proceedings at the county seat of the county in which the case is pending, *except as otherwise provided by law.* (Emphasis supplied) Then, the statutory provision followed stating divorce cases, default judgments and cases involving parties cited by publication shall be tried in the county in which filed. I don't see how it could be clearer that all other cases can be heard outside of the county in which the case is filed. A cardinal rule in statutory construction is that courts should ascertain and be guided by the Legislature's intentions. By naming three types of cases which must be heard in the county in which they are filed, the Legislature in effect expressed its intention to exclude all others. The maxim *expressio unius est exclusio alterius* is applicable here. See Seibert v. Richardson, 86 Tex. 295, 24 S.W. 261 (1893); State v. Mauritz-Wells Co.,

141 Tex. 634, 175 S.W.2d 238 (1943). Peterson v. Calvert, 473 S.W.2d 314 (Tex. Civ.App.—Austin 1971, writ ref'd). City of Dallas v. Yarbrough, 399 S.W.2d 938 (Tex.Civ.App.—Dallas 1966, no writ). A contempt proceeding is not a divorce case; this was not a default judgment, and none of the parties were cited by publication. The judgment granting the divorce became final long ago, and none of the issues there disposed of were being relitigated.

In discussing art. V, § 7 of the Constitution, the majority comes to the unexplained conclusion that for a case to be heard outside of the county seat of the county in which it is pending, the Legislature would be forced to specifically name each type of case which is included in the exception. There is no authority, statutory or otherwise, which supports that conclusion. There is no reason the phrase *"except as otherwise provided by law"* as used in this constitutional provision should not be given its usual meaning. Nothing more should be required than a clear showing as to the intention of the Legislature. It is noted that even though the majority opinion has been rewritten in part following this dissent, no mention is made of that part of Tex.Rev.Civ.Stat.Ann. art. 1919, § 2 (Supp. 1974–1975), which specifically names the case which must be heard in the county in which it is pending.

According to the statement of facts before us, the mother who had been given custody of a minor son was seeking to discover the whereabouts of such son. Judge Smith held the Relator in contempt of court following his refusal to answer a question as to where the son was, after this judge had ordered him to answer the question.

The order holding Relator in contempt, not having been shown to be void, should be enforced. The habeas corpus sought by Relator should be denied, and he should be remanded to the custody of the sheriff of Hardin County where he should be held until he answers the question.