

# The Attorney General of Texas

December 31, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Patrick J. Ridley
Bell County Attorney
P. O. Box 474
Belton, Texas    76513

Opinion No. MW-560

Re: Power of district judge in one county to hold proceedings under section 17.03 of the Family Code in another county

Dear Mr. Ridley:

You ask whether a district court in a county adjoining the county in which a suit under section 17.03 of the Texas Family Code is filed may hold the section 17.03 hearing when the judge of the court in which the suit is filed is unavailable. Section 17.03 provides in relevant part as follows:

> (a) An authorized representative of the Texas Department of Human Resources, a law enforcement officer, or a juvenile probation officer may take possession of a child without a court order under the following conditions and no others:
>
> . . . .
>
> (3) upon personal knowledge of facts which would lead a person of ordinary prudence and caution to believe that there is an immediate danger to the physical health or safety of the child and that there is no time to obtain a temporary restraining order or attachment under Section 17.02 of this code; or
>
> (4) upon information furnished by another which has been corroborated by personal knowledge of facts and all of which taken together would lead a person of ordinary prudence and caution to believe that there is an immediate danger to the physical health or safety of the child and that there is no time to obtain a temporary restraining order or attachment under Section 17.02 of this code.

> (b)  When a child is taken into possession under Subdivision (3) or (4) of Subsection (a) of this section, the person taking the child into possession shall, without unnecessary delay, cause to be filed a suit affecting the parent-child relationship and request the court to cause hearing to be held by no later than the first working day after the child is taken into possession.
>
> (c)  The court in which the suit affecting the parent-child relationship has been filed under Subsection (b) of this section shall hold a hearing on or before the first working day after the child is taken into possession.... If the court is unavailable for a hearing on the first working day, then, and only in that event, the hearing shall be held no later than the first working day after the court becomes available, provided that the hearing is held no later than the third working day after the child is taken into possession.... If the hearing established by this subsection is not held within the time limits required, the child shall be returned to the parent, managing conservator, possessory conservator, guardian, caretaker, or custodian who is presently entitled to possession of the child.

You advise that it is not uncommon -- especially in rural counties -- for there to be only one district judge in a county. This creates a problem when a child is taken from his home on an emergency basis pursuant to section 17.03 (a)(3) or (a)(4), but the judge in the county in which the required suit is filed is absent and no alternate judge is available to hold a hearing within the time limit prescribed in section 17.03(c). If a hearing is not timely held, the child must be returned to the person entrusted with his care; for obvious reasons, this may be detrimental to the child. You state that this problem could be rectified if the district judge of an adjoining county could hold a hearing in that county and enter an appropriate order.

Article V, section 11 of the Texas Constitution provides, inter alia:

> And the District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law.

Article 1916, V.T.C.S., provides that:

> A judge of the district court may hold court
> for or with any other district judge; and the
> judges of such courts may exchange districts
> whenever they deem it expedient.

Texas courts have construed these provisions very broadly.  In
Floyd v. State, 488 S.W.2d 830 (Tex. Crim. App. 1972), for example,
the court stated as follows:

> The expression 'whenever they deem it
> expedient,' as utilized in both constitutional and
> statutory provisions, confers on district judges
> broad discretionary powers to exchange benches, or
> hold court for each other, which is reviewable
> only if an abuse of discretion has occurred.
> Although better practice would require one, the
> exchange may be accomplished without the necessity
> of a formal order or entry on the record of the
> reasons for such exchange.

488 S.W.2d at 832.  Ex parte Lowery, 518 S.W.2d 897 (Tex. Civ. App. -
Beaumont 1975, no writ) states the rule in this manner:

> district judges may exchange benches and hold
> court for each other....  Further, we concede that
> such an exchange may be effected upon the judges'
> own initiative and that the making and entry of a
> formal order is not required nor does the reason
> for the exchange need be shown in the minutes.

518 S.W.2d at 901.  Accord, e.g., Pendleton v. State, 434 S.W.2d 694
(Tex. Crim. App. 1968); Randel v. State, 219 S.W.2d 689 (Tex. Crim.
App. 1949); Baldwin v. Leonard, 110 S.W.2d 1160 (Tex. Civ. App. -
Eastland 1937, writ dism'd).

A section 17.03 suit must be filed in a court with jurisdiction
to hear suits affecting the parent-child relationship in the county in
which the child is found.  Family Code §17.05(a).  Under article 1919,
V.T.C.S., the judge of a district which embraces two or more counties,
including the one in which the child is found, could conduct the
required proceeding in any county in that judicial district.  See
Hendricks v. Curry, 401 S.W.2d 796 (Tex. 1966).  Otherwise, a district
judge could not conduct the proceeding in a county other than the one
in which the suit is filed.  If the judge of the county in which the
suit is filed is unavailable, however, we believe the foregoing
authorities establish that a district judge from another county could
hear the suit in the county in which the suit is filed, provided the

judges have agreed to exchange benches or hold court for each other. It appears the proper course would be for the judges in a particular locale to enter into an agreement covering this situation.

## S U M M A R Y

The district judge of a county other than the county in which a suit under section 17.03 of the Texas Family Code is filed may hold a hearing in the county where filed and enter an appropriate order, provided the judges of the respective counties have agreed to exchange benches.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
James Allison
Jon Bible
Rick Gilpin
Jim Moellinger
Bruce Youngblood