February 29, 2008

The Honorable David Aken
San Patricio County Attorney
San Patricio County Courthouse, Room 108
Sinton, Texas 78387

Opinion No. GA-0605

Re: The meaning of "proper magistrate" or "proper court" within article 15.20(b), Code of Criminal Procedure (RQ-0624-GA)

Dear Mr. Aken:

You ask about the county sheriff's duties under amendments to Code of Criminal Procedure chapter 15 adopted by Senate Bill 909 of the Eightieth Legislature.[1] *See* Act of May 28, 2007, 80th Leg., R.S., ch. 1308, §§ 1–3, 2007 Tex. Gen. Laws 4395, 4395–96. We will summarize the relevant provisions of law and then address your questions.

Code of Criminal Procedure articles 15.18 through 15.21 provide for arresting an individual pursuant to an out-of-county warrant for an offense committed in the county issuing the warrant. *See* TEX. CODE CRIM. PROC. ANN. arts. 15.18–.21 (Vernon Supp. 2007). If the arrested person does not give bail, he is committed to jail in the arresting county and the sheriff of the county where the offense allegedly was committed is notified of the arrest. *See id.* art. 15.19. The sheriff receiving the notice "shall forthwith go or send for the arrested person and have the arrested person brought before the proper court or magistrate." *Id.* art. 15.20(a). If the sheriff fails to do so within eleven days after the person is jailed in the arresting county, the prisoner must be released. *See id.* arts. 15.20–.21. Senate Bill 909 amended articles 15.19 through 15.21 to address a practical problem that sometimes arose when a parolee was arrested and jailed in a county under both an out-of-county warrant and a warrant issued pursuant to Government Code section 508.251 for violating the conditions of parole. *See id.* arts. 15.19–.21 (Vernon 2005 & Supp. 2007); TEX. GOV'T CODE ANN. § 508.251 (Vernon 2004). As will be explained below, the sheriff of the county issuing the arrest warrant did not always send for the prisoner, instead leaving him detained in the other county jail under the parole violation warrant.

When a parolee is arrested for an offense or violates the conditions of his parole, the director of the Board of Pardons and Paroles may issue a warrant pursuant to Government Code section 508.251 requiring the parolee's return to the institution from which he was paroled. *See* TEX. GOV'T

---

[1]Letter from Honorable David Aken, San Patricio County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Sept. 5, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

CODE ANN. §§ 508.251 (Vernon 2004) (issuance of warrant), 508.252(2) (the grounds for issuing a parole revocation warrant include the parolee's arrest for an offense). A warrant issued pursuant to section 508.251 is known as a "blue warrant."[2] Any officer named by the blue warrant may take custody of the person and detain him until a parole panel orders his return to the institution from which he was released. *See id.* § 508.254(b). Pending a hearing on a charge of parole violation, the person must remain confined. *See id.* § 508.254(c). *See also Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (circumstances when the state must provide counsel to indigent probationers or parolees in revocation hearings); *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972) (due process requirements for parole revocation). The parolee is entitled to a preliminary hearing within a reasonable time. *See* TEX. GOV'T CODE ANN. § 508.2811 (Vernon 2004). A revocation hearing to dispose of the parole violation charges is held before the 41st day after the date on which the blue warrant was executed, with certain exceptions. *See id.* §§ 508.281 (hearing), 508.282 (deadline for providing hearing); 37 TEX. ADMIN. CODE ch. 146 (2007) (Tex. Bd. of Pardons and Paroles, Revocation of Parole or Mandatory Supervision).

The deadline for providing a revocation hearing does not apply when a parolee arrested on a blue warrant is charged with a new offense, "other than an offense punishable by fine only involving the operation of a motor vehicle." TEX. GOV'T CODE ANN. § 508.2811(2)(B) (Vernon 2004); *see id.* § 508.281. Thus, before Senate Bill 909 was adopted, a prisoner arrested for both a parole violation and a new offense allegedly committed in another county might remain in the arresting county's jail for an indefinite time, because the Board of Pardons and Paroles typically would not deal with the parole violation until after charges on the new offense were resolved. *See* HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS, Tex. S.B. 1428, 80th Leg., R.S. (2007) at 3.[3] The parolee would usually remain in the arresting county's jail under the blue warrant, and the sheriff of the county where the offense was allegedly committed could postpone sending for him, shifting the expense of incarceration to the arresting county. *See id.*

Senate Bill 909 amended articles 15.19 through 15.21 to address this problem. *See id.* at 2. Pursuant to the amendment, article 15.19 provides as follows:

> (a) If the arrested person fails or refuses to give bail,[4] as provided in Article 15.18, the arrested person shall be committed to

---

[2]These warrants are called "blue warrants" because they are printed on blue paper. *See* HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS, TEX. S.B. 1428, 80th Leg., R.S. (2007) at 1.

[3]The amendments to Code of Criminal Procedure chapter 15 were introduced by Senate Bill 1428, which was not adopted. *See* Tex. S.B. 1428, 80th Leg., R.S. (2007). The substance of Senate Bill 1428 was added to Senate Bill 909 as an amendment. *See* S.J. of Tex., 80th Leg., R.S. 5337 (2007).

[4]A person arrested for violating parole conditions is not entitled to bail, because the Texas constitutional right to bail does not apply to prisoners after conviction. *See* TEX. CONST. art. I, § 11 (right to bail); *Ex Parte Laday*, 594 S.W.2d 102, 103 (Tex. Crim. App. 1980) (constitutional right to bail applies only to prisoners prior to conviction). A state's failure to provide parolees with a bail hearing when they were arrested on new bailable criminal charges did not violate the Eighth Amendment or the due process clause of the Fourteenth Amendment. *See Faheem-El v. Klincar*, 841 F.2d 712, 728–29 (7th Cir. 1988).

the jail of the county where the person was arrested; and the magistrate committing the arrested person shall immediately provide notice to the sheriff of the county in which the offense is alleged to have been committed regarding:

> (1) the arrest and commitment, which notice may be given by telegraph, mail, or other written means; and

> (2) whether the person was also arrested under a warrant issued under Section 508.251, Government Code.

TEX. CODE CRIM. PROC. ANN. art. 15.19 (Vernon Supp. 2007). Article 15.20, as amended, sets out the duties of the sheriff who receives the notice:

> (a) Subject to Subsection (b), the sheriff receiving the notice of arrest and commitment under Article 15.19 shall forthwith go or send for the arrested person and have the arrested person brought before the proper court or magistrate.

> (b) A sheriff who receives notice under Article 15.19(a)(2) of a warrant issued under Section 508.251, Government Code, shall have the arrested person brought before the proper magistrate or court before the 11th day after the date the person is committed to the jail of the county in which the person was arrested.

*Id.* art. 15.20. If the proper officer[5] of the county where the offense allegedly was committed does not take charge of the arrested person "before the 11th day after the date the person is committed to the jail of the county in which the person is arrested, the arrested person shall be discharged from custody." *Id.* art. 15.21.

You ask on behalf of the San Patricio County Sheriff "what is a 'proper magistrate' or a 'proper court'" before whom to bring a person arrested on a blue warrant. *See* Request Letter, *supra* note 1, at 1. You also ask whether the arrested person would have to be brought or sent to the county where he was paroled to be taken to the "proper court" or a "proper magistrate" and whether the court or magistrate must have jurisdiction of the offense for which the person was arrested. *See id.*; *see also* Brief from Jesus L. Santos, Assistant County Attorney, San Patricio County, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Sept. 18, 2007) (attached to Request Letter) (hereinafter Santos Brief).

---

[5]Although Code of Criminal Procedure article 15.21 uses the term "office," this appears to be a typographical error, because the bill adopting this provision uses the term "officer." *See* Act of May 27, 1965, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, 368 (adopting Texas Code of Criminal Procedure).

The terms "court" and "magistrate" are used interchangeably in Code of Criminal Procedure article 15.20. *See Ex parte Lowery*, 518 S.W.2d 897, 901 (Tex. Civ. App.—Beaumont, 1975, no writ) ("court" and "judge" are sometimes used interchangeably). Article 15.17(a) provides that "[i]n each case enumerated in this Code, the person making the arrest or the person having custody of the person arrested shall . . . take the person arrested or have him taken before some magistrate of the county where the accused was arrested or, to provide more expeditiously to the person arrested the warnings described by this article, before a magistrate in any other county of this state." TEX. CODE CRIM. PROC. ANN. art. 15.17(a) (Vernon Supp. 2007). Accordingly, the San Patricio County Sheriff must take an arrested person before a magistrate of San Patricio County, or, to provide the magistrate's warnings more expeditiously, before a magistrate in any other county. Code of Criminal Procedure article 2.09 identifies officers who are magistrates within the meaning of the code. *See id.* art. 2.09; *see generally* Tex. Att'y Gen. Op. No. GA-0426 (2006) (considering who are magistrates for purposes of Code of Criminal Procedure article 15.17). These magistrates preside over "proper courts" and are "proper magistrates" before whom a San Patricio officer should bring an arrested person.

Article 15.20 has long provided that "[t]he sheriff receiving the notice shall forthwith go or send for the prisoner and have him brought *before the proper court or magistrate*." *See* Act of May 27, 1965, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, 367 (adopting Texas Code of Criminal Procedure) (emphasis added). Senate Bill 909 carries this requirement forward in article 15.20(a), which provides that the sheriff who receives notice to send for a person arrested in another county "shall forthwith go or send for the arrested person and have the arrested person brought before the proper court or magistrate." TEX. CODE CRIM. PROC. ANN. art. 15.20(a) (Vernon Supp. 2007); *see id.* art. 15.21 (establishing specific deadline for sheriff to take charge of prisoner). Article 15.20(b), adopted by Senate Bill 909, establishes the same requirement for "[a] sheriff who receives notice under Article 15.19(a)(2) of a warrant issued under Section 508.251, Government Code," providing that he "shall have the arrested person brought before *the proper magistrate or court* before the 11th day after the date the person is committed to the jail of the county in which the person was arrested." *Id.* art. 15.20(b) (emphasis added). Senate Bill 909 was adopted to give the county sheriff the same responsibility to take charge of a person arrested on both an out-of-county warrant and a blue warrant that he already had for a person arrested on only an out-of-county warrant. *See* HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS, Tex. S.B. 1428, 80th Leg., R.S. (2007) at 3. The magistrate or court before whom the sheriff takes a person arrested on an out-of-county warrant will be a proper magistrate or court for a person arrested on both kinds of warrants. Moreover, the Board of Pardons and Paroles, and not San Patricio County, is responsible for providing the appropriate hearings to a parolee arrested under a blue warrant. *See* TEX. GOV'T CODE ANN. § 508.281 (Vernon 2004) (revocation hearing before a parole panel or a designated agency of the Board of Pardons and Paroles under rules adopted by the board), *id.* § 508.2811 (preliminary hearing provided by parole panel or designee of the board). Thus, the amendments adopted by Senate Bill 909 do not require the sheriff to take the arrested parolee to a magistrate in the county to which the person was paroled.

You finally express concern that the magistrate should have jurisdiction of the alleged offense in order to perform a magistrate's duties under chapter 15. *See* Santos Brief at 1. A particular magistrate may perform a magistrate's duties under chapter 15 for the alleged offender

even though he is not authorized to try the offense on the merits. *See generally Alberti v. Sheriff of Harris County*, 406 F. Supp. 649, 670 (S.D. Tex. 1975) (city judge, sitting as a magistrate, may accept complaints and issue arrest warrants on cases which he cannot try on the merits) (citing Attorney General Opinion C-718 (1966) at 2). Accordingly, it is not necessary for the magistrate who performs duties under chapter 15 to have authority to try the offense on the merits.

## S U M M A R Y

When an individual arrested on an out-of-county warrant under Code of Criminal Procedure article 15.18 is also arrested on a parole revocation warrant, the magistrate who places the arrested person in jail must immediately notify the sheriff of the county in which the offense is alleged to have been committed of the arrest on both warrants. The sheriff receiving the notice must take charge of the arrested person and have him brought before the proper court or magistrate. The proper magistrate is an officer of the county identified by Code of Criminal Procedure article 2.09 as a magistrate, and the proper court is the court over which the magistrate presides. The sheriff may take the arrested person before a magistrate of the county where the person is held, or, to provide the magistrate's warnings more expeditiously, before a magistrate in any other county of the state. The sheriff is not required to take the arrested person to a magistrate in the county to which the person was paroled. A magistrate may perform a magistrate's duties under chapter 15 for an alleged offender even though he is not authorized to try the offense on the merits.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee